SAM KOSHGARIAN vs. RAYMOND H. HAWKSLEY, *Gen. Treas., As Custodian of the Second Injury Indemnity Fund, et al.*

JUNE 17, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

ROBERTS, J. This is a petition for benefits under the provisions of the workmen's compensation act. The case is

before us on a motion filed by the petitioner to dismiss the appeal of the respondent Raymond H. Hawksley, General Treasurer, hereinafter called the respondent, from a decree entered by the full commission.

It appears from the record that on May 25, 1954 petitioner herein filed with the director of labor his petition for the payment of compensation for total disability from the second injury indemnity fund in accordance with the provisions of general laws 1956, §28-37-8. This petition was denied by the director of labor on June 18, 1954.

The petitioner thereupon appealed from such decision to the workmen's compensation commission. A hearing on that appeal was had before a trial commissioner, who thereafter denied and dismissed the petition. The petitioner then claimed an appeal to the full commission which, after a hearing thereon, entered a decree on May 21, 1957 granting the petition and ordering that payments for total incapacity be made to petitioner from the second injury indemnity fund in accordance with the provisions of the act. On May 29, 1957 respondent, who is made custodian of the said fund by the provisions of §28-37-2, appealed to this court from that decree. On January 27, 1959 petitioner filed the instant motion to dismiss respondent's appeal.

It is the contention of petitioner that respondent is not entitled to prosecute his appeal because of an alleged failure to comply with the provisions of the decree as required by G. L. 1956, §28-35-33. In that section it is provided that an appeal from a decree of the full commission "shall not stay the effect of said decree, and if benefits have been ordered to be paid, reduced, discontinued or suspended, the terms of the decree shall be followed until reversed by the supreme court * * *."

We have construed this section to bar the prosecution of an appeal by a party who fails to comply with the provisions of a decree from which an appeal has been taken. In

254

*Girard* v. *United States Rubber Co.*, 84 R. I. 319, at page 322, we stated: "By force of the statute, compliance with the decree of the full commission is, in the absence of a stay, a condition precedent to the right to *prosecute* an appeal therefrom to this court." But we are of the opinion that the respondent in the instant case is not within the purview of the prohibition of the statute. In the circumstances that prevail here, respondent is not guilty of a failure to comply with the decree from which he appealed.

In the decree under consideration the commission found that petitioner is entitled to receive benefits from the second injury indemnity fund in accordance with the provisions of G. L. 1956, §28-37-8; and thereupon ordered that his petition be granted and that payment for total disability be made to him from said fund in accordance with the provisions of §28-37-9. The decree then ordered the insurance carrier to make payments to petitioner from March 22, 1950 until the termination of his total disability or death. The decree finally provided as follows: "4. That said insurance carrier, American Mutual Liability Insurance Company be reimbursed out of the Second Injury Indemnity Fund upon order of the Director of Labor by order drawn on the General Treasurer, to be charged against the Second Injury Indemnity Fund."

The obligation of respondent here to act under decrees of this character is prescribed by G. L. 1956, §28-37-9, which reads as follows:

"The payments provided for under §28-37-8 shall be made by the insurance carriers or certificated employers and they shall be reimbursed out of the fund established by §28-37-1 after furnishing the director of labor a quarterly statement setting forth the names and addresses of the injured workers entitled to payments under said §28-37-8 and the basis upon which said payments were made. Said sums shall be paid out of the second injury indemnity fund by order of the

workmen's compensation commission and shall be made by the director of labor by order drawn on the general treasurer to be charged against the second injury indemnity fund."

It seems clear from a reading of the statute that it operates primarily to oblige the involved insurance carrier to pay the injured employee in accordance with the provisions made therefor in §28-37-9. It further provides for reimbursing the carrier from the fund for such payments as it may make. The respondent's obligation to reimburse the carrier vests when he is presented with an order of the director of labor to do so. The director is not authorized by the statute to draw and issue such an order until the carrier has furnished him with a quarterly statement of the payments which it has made to injured employees under the provisions of §28-37-9.

It is conceded that the carrier in the instant case made no payments to petitioner under §28-37-9. It does not appear from the record that the director of labor has been furnished with a statement concerning such payments, quarterly or otherwise. What is most important is that nothing in the record reveals that the director of labor has ever drawn and issued an order on respondent directing him to reimburse the carrier from the fund. Such an order at least is in the nature of a condition precedent to the vesting of any obligation upon respondent to reimburse the carrier from the fund for such payments. In the present circumstances it is our opinion that respondent has not failed to comply with the decree in question within the meaning of the decision in the case of *Girard* v. *United States Rubber Co., supra.* Therefore, he is not barred from prosecuting the instant appeal from the decree of the full commission.

The petitioner has urged that there has been a failure to comply with the decree by reason of two anticipatory

breaches of the terms thereof. We have carefully considered these contentions and find them to be without merit.

The petitioner's motion to dismiss the appeal is denied.

*Edward I. Friedman, Vincent J. Chisholm,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Edward F. J. Dwyer,* Assistant Attorney General, *Joseph L. Breen,* for respondent Raymond H. Hawksley, General Treasurer.