SAM KOSHGARIAN *vs.* RAYMOND H. HAWKSLEY, *Gen. Treas., as Custodian of the Second Injury Indemnity Fund, et al.*

FEBRUARY 4, 1960.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

FROST, J. This is a petition for benefits under the provisions of the workmen's compensation act. The case is here on the appeal of the respondent general treasurer from a decree of the workmen's compensation commission ordering payments to be made to the petitioner from the second injury indemnity fund.

It appears that on August 15, 1940 petitioner sustained an injury to his right eye while in the employ of the Fair-

mount Foundry Company. This company was insured by American Mutual Liability Insurance Company. As a result of the injury, vision in the right eye was reduced to 1/200 unimproved which under the law of this state constituted total loss of vision in that eye. In July 1954 petitioner's vision in his left eye was 5/200 unimproved by pinhole or lenses, which under the same law was total loss of vision in that eye.

Pursuant to general laws 1938, chapter 300, article II, §10, as amended, petitioner was conclusively presumed to be permanently and totally disabled. On August 29, 1940 the employee and his employer through its insurance carrier entered into a preliminary agreement providing for compensation at the rate of $20 a week. In addition thereto, between May 14, 1941 and November 24, 1942, he was paid $20 a week for eighty weeks as specific compensation for loss of the right eye. On March 22, 1950 the final payment was made under said agreement which made the total amount paid for weekly compensation equal to $10,000, the maximum under the law for a workman injured in 1940.

On May 25, 1954 petitioner filed his claim with the director of labor for payments under the provisions of G. L. 1938, chap. 300, art. II-A, as amended by public laws 1951, chap. 2726. Section 26 of art. II-A reads as follows:

"In addition to any other payments authorized to be made from the fund established under section 1 of this article, payments from the fund shall be made for the continuance of compensation at his or her prevailing rate to any employee who subsequent to January 1, 1940 has suffered an injury resulting in his receiving compensation payments for total incapacity and such total incapacity has continued or will continue beyond the maximum period of payment for total incapacity provided under this chapter. Such payments for continuing total incapacity shall be made from the fund until the employee's total incapacity has ended or until his death, *provided, however,* no payment shall be made under this section to an employee whose future

payments of compensation have been commuted or compromised to a lump sum; and *provided, further,* that the death of such employee from any cause terminates the right to any further compensation under this section."

The fund mentioned in this section is known as the second injury indemnity fund and was first provided for by P. L. 1943, chap. 1363, which was an amendment to the workmen's compensation act, G. L. 1938, chap. 300.

The petition as originally filed by the employee was against "State of Rhode Island Second Injury Indemnity Fund and American Mutual Liability Insurance Co." This petition on June 18, 1954 was denied by a hearing officer of the division of workmen's compensation in the department of labor, and thereafter an appeal was taken to the superior court. On July 28, 1954 an amended petition was filed with the workmen's compensation commission, which was established by P. L. 1954, chap. 3297. In this amended petition the respondents were the general treasurer of the state as custodian of the second injury indemnity fund and American Mutual Liability Insurance Company.

On December 12, 1956 a decree denying petitioner's claim for benefits was entered by a single commissioner before whom the petition had been heard. The petitioner then appealed to the full commission which, after a hearing, entered a decree on May 21, 1957 granting the petition and ordering payments to be made "as provided in Article IIA, Section 26 and Section 27 of Chapter 3297 of the Public Laws of 1954 as amended," commencing on March 22, 1950. An appeal from that decree was duly taken to this court by respondent Raymond H. Hawksley, General Treasurer.

The facts relating to petitioner's physical condition and to compensation received are not in dispute. The appealing respondent concedes that petitioner received an injury in 1940 which was a "second injury" within the meaning of that term as later defined in P. L. 1943, chap. 1363. The

parties, however, are not in agreement with the law applicable to the facts. The respondent states the following reasons why the decree appealed from should be reversed: (1) The department of labor has not been made a party. (2) The petitioner is barred because of late filing of his petition. (3) The petitioner does not properly come within the provisions of the act, since payment to him for total incapacity had ceased more than a year prior to the passage of chap. 2726.

The first reason given by respondent is a procedural one. The petitioner has made the general treasurer of the state a party respondent. While he may be considered a proper party he is not a necessary party. The treasurer is the custodian of the fund and makes payments from the fund. Section 27 of chap. 2726, P. L. 1951, provides in the case of a petitioner deemed to be entitled to be paid from the second injury indemnity fund, "Said sums shall be paid out of the second injury [indemnity] fund by order of the director of labor and shall be made by the division of workmen's compensation by order drawn on the general treasurer to be charged against the second injury indemnity fund."

The first statute authorizing a second injury indemnity fund, namely, P. L. 1943, chap. 1363, provided specifically in sec. 7 that in any appeal the department of labor should be a necessary party. Public laws 1954, chap. 3297, art. II-A, sec. 7, has the same provision. We are of the opinion that the department of labor is a necessary party by reason of its function in a case such as this, *Koshgarian* v. *Hawksley*, 89 R. I. 252, 152 A.2d 214, and by reason of the specific mandatory language of the statute. The omission of a party may be waived if the point is not raised in the beginning; nevertheless such omission may be raised even in an appellate court depending upon the necessity of the situation. 39 Am. Jur., Parties §111, p. 984.

In our opinion it would be necessary to remand the petition to the workmen's compensation commission with instructions to make the department of labor a party respondent were it not for the view that we entertain on another point arising in this case. *Goucher* v. *Herr,* 65 R. I. 246.

The respondent's second reason is that because of the late filing petitioner is barred from receiving the benefits of the second injury indemnity fund. The petitioner, due to his physical condition and also since on March 22, 1950 he had received the maximum compensation theretofore allowed, became eligible for payments under the second injury indemnity fund on the passage of chap. 2726, that is, on April 19, 1951. Under the provisions of P. L. 1943, chap. 1363, sec. 5, to be entitled to benefits under the second injury indemnity fund he was required to file a petition with the director of labor. This the petitioner did on May 25, 1954. The respondent herein asserts that petitioner is barred because he did not file within two years from April 19, 1951, or at least within two years from July 1, 1951, which was the date named in the statute for the first payments to be made from the second injury indemnity fund.

Chapters 1363 and 2726 are amendments to chap. 300 of G. L. 1938. General laws 1938, chap. 300, art. II, §17, as amended requires notice of an injury to be given to the employer as a condition precedent to a proceeding for compensation. Such notice is not required in the case of the second injury indemnity fund. The filing of a petition with the director of labor is the initial step to participation in this fund. The question, therefore, is whether a person may file such a petition at any time without limitation after he has become eligible for benefits. It seems to us inconceivable that a person eligible for benefits under this fund should be permitted to file his petition five, ten, or fifteen years thereafter; in other words, to file it without restriction as to time. That such restriction exists is supported by the language of sec. 5 of chap. 1363, which states, "Any

party claiming to be entitled to the benefits of this article shall file a petition with the director of labor, which petition shall follow the procedure as outlined in article III of this chapter, for a determination of his claim."

Section 17 of article III reads, "An employee's claim for compensation under this chapter shall be barred unless an agreement or a petition, as provided in this article, shall be filed within 2 years after the occurrence of the injury * * *."

In the case of a second injury as in a first injury there is abundant reason why a petition should be seasonably filed. There is no apparent reason why petitioner delayed so long before filing his petition. However, he strongly urges that respondent cannot now avail himself of this defense since it was not specified as a reason of appeal from the decree of the single commissioner to the full commission, and he cites several cases, namely, *Leva* v. *Caron Granite Co.*, 84 R. I. 360, *United Wire & Supply Corp.* v. *Frenier*, 87 R. I. 31, 137 A.2d 414, *DeFusco* v. *Ochee Spring Water Co.*, 84 R. I. 446, and *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335, to sustain his contention. We now affirm what we said in those cases as to the necessity of specifying the alleged error in the reasons of appeal if the appellant desires to argue such error here.

In the *Leva* case the employer attempted to raise for the first time a constitutional question in this court. In the *Frenier* case a question arose as to whether the commission could act in the absence of an agreement not furnished by petitioner. In the *DeFusco* and *Brown & Sharpe Mfg. Co.* cases the appealing parties attempted to raise questions not raised in their appeals to the full commission. In the case at bar petitioner appealed from a decree of the single commissioner to the full commission. The question of whether he was barred by reason of late filing was not raised before the single commissioner or before the full commission. However, the objection made by petitioner has no force

here. In every case cited by him there was a cause of action. In the instant case petitioner has no right of action because he did not act seasonably. Chapter 1363 gives a right that had not existed theretofore. The petitioner did not avail himself of it since he did not seasonably file the required petition.

In *Menna* v. *Mathewson*, 48 R. I. 310, this court clearly held that the workmen's compensation act created a new liability and fixed the time within which an action could be brought; that the statute was not one of limitation but rather a statute of creation; and that the commencement of an action within the time therein fixed was a condition of liability under it. See also *Henry* v. *American Enamel Co.*, 48 R. I. 113; *Larkin* v. *George A. Fuller Co.*, 76 R. I. 395. Consequently it is our opinion that there was no jurisdiction in the workmen's compensation commission to consider the petition and such a question may be raised at any stage even in this court. 14 Am. Jur., Courts §191, p. 385; *State Loan Co.* v. *Barry*, 71 R. I. 188; *Streeter* v. *Millman*, 68 R. I. 456; *David* v. *David*, 47 R. I. 304; *O'Neil* v. *Demers*, 44 R. I. 504. Because of our view on this second reason advanced by the respondent, it is unnecessary to consider his third reason of appeal.

The appeal of the respondent general treasurer is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Edward I. Friedman, Norman G. Orodenker,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Edward F. J. Dwyer,* Assistant Attorney General, *Joseph L. Breen,* for respondent General Treasurer.