JOSEPH A. LOZOWSKI *vs.* NICHOLSON FILE COMPANY.
JOSEPH A. LOZOWSKI *vs.* NICHOLSON FILE COMPANY.

MARCH 2, 1961.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

FROST, J. These are appeals from final decrees entered by the workmen's compensation commission in two original petitions heard by it. The first petition was under G. L. 1956, §28-33-19 (1), seeking compensation for specific injury, namely, complete loss of hearing in both ears due to external trauma; the second petition was for compensation due to injury, namely, total deafness as a result of exposure to noise.

In the first petition a final decree was entered by the full commission on August 27, 1959 and from this decree both parties have taken an appeal. In the second petition a final decree was entered on March 2, 1960 and from that decree the respondent appealed to this court.

The first petition was filed on January 2, 1959. It alleged that injury was received through loud noises over a period of years resulting in loss of hearing and that the employer refused to pay specific compensation for loss of hearing. The respondent answered denying the allegations of the petition, and by permission filed a further answer alleging that the petition was barred because it was not filed within two years of the occurrence or manifestation of the injury. At the time of the hearing the petitioner was fifty-four years of age.

The essential facts which appeared in evidence are not disputed. The petitioner first went to work for respondent in 1915 when he was eleven years of age. He was shortly dismissed because of being under age, returned in 1924, and worked until 1930. At that time he had noises in his head

and ears from the hammers. He then worked for several years at Roger Williams Park and in 1937 he again returned to work for respondent. He testified that he was then all right and could hear. He worked continuously for respondent until laid off in March 1959 with other employees because the plant was closing down.

During most of his employment with respondent petitioner worked in the forge room, which was a very large room in which were trip hammers and much heavy equipment.

After the filing of the first petition, petitioner was permitted to have an inspection made of respondent's plant by Lewis S. Goodfriend of Montclair, New Jersey, a consulting engineer in acoustics and a man of considerable training and experience in his line of work. He found the over-all sound level in the forge room to be 95 decibels.

Doctor Francis L. McNelis testified that he specialized in the practice of ear, nose and throat; that he first saw petitioner when he examined him at his office on December 9, 1958; that at that time petitioner was unable to hear spoken voices but on examination he found the eardrums and membranes to be normal in appearance; and that petitioner had practically a total loss of hearing. He further testified that he believed such loss could not be corrected through the use of hearing aids. The doctor stated that he had a copy of Mr. Goodfriend's report, and from that and the history given by petitioner he felt that the latter's loss of hearing was due to noise exposure and was permanent. He stated further that petitioner had had practically a total loss of hearing for a period of five to ten years, which was consistent with his findings on examination.

The petitioner testified that he had been reading lips for more than five years.

Doctor Rudolph W. Pearson testified that he specialized in ear, nose and throat; and that he examined petitioner on February 19, 1959. He took a history in which Lozowski

said that during the past several years he had become so hard of hearing that he had been depending on reading his wife's lips in order to obtain adequate communication. The doctor said that he obviously reads lips quite satisfactorily; that for practical purposes he had a complete loss of hearing which was beyond the correctible stage; and that he had had practically total loss of hearing for several years.

Upon the evidence before him the single commissioner denied and dismissed the petition and entered a decree containing the following findings:

"1. The petitioner has sustained a complete loss of hearing of both ears.

"2. Such loss of hearing is due to external trauma, namely, excessive noise caused by the operation of machinery in the area where the petitioner performed the duties required of him by his employment in the respondent's manufacturing plant.

"3. The loss of hearing which the petitioner has sustained arose out of and was sustained in the course of his employment with the respondent, was connected therewith and is referable thereto.

"4. For more than ten years next prior to March 1, 1959, the petitioner's average weekly wages were in excess of $48.00.

"5. The petitioner's loss of hearing of both ears became complete more than two years before the filing of this petition on January 2, 1959.

"6. No preliminary agreement has been entered into between the petitioner and the respondent."

Appeals were taken by petitioner and respondent but the full commission affirmed the findings of the single commissioner and dismissed the petition. Thereafter both sides appealed to this court.

The petitioner filed several reasons of appeal but states in his brief that he now relies upon one, namely, that error was committed in affirming the fifth finding.

The respondent appealed on two grounds, namely, on the second finding that loss of hearing was due to external trau-

ma and on the commission's neglect to find that petitioner had failed to give respondent notice of his alleged injury within 30 days after the happening or manifestation of such injury.

The questions therefore presented for our determination are:

1. Did petitioner sustain a total loss of hearing in both ears due to external trauma?

2. Is petitioner barred from receiving specific compensation for having failed to claim his benefits within two years after the occurrence or manifestation of the injury?

3. Did the commissioner err in omitting to find, as an additional reason for dismissal, that petitioner had failed to give respondent notice of his injury within 30 days after its manifestation?

The petitioner's position clearly is that he has a complete loss of hearing in both ears. This position is amply supported by Dr. McNelis whom he called as a witness and by Dr. Pearson who testified on behalf of respondent. Doctor McNelis testified that in his opinion petitioner's loss of hearing was due to noise exposure; that the noise of the forge room where petitioner worked, external as to him, caused excessive vibrations which affected or injured the hair cells of the organ of Corti in the inner ear; and that it was the injury or trauma to those cells which eventually caused deafness.

There was no evidence that petitioner's loss of hearing was due to causes other than noise exposure and no evidence was offered to show that his loss of hearing was not complete. The evidence supports the commission's findings as to total loss of hearing and external trauma as the cause of such loss.

As to the second question, it appears that the petition was filed on January 2, 1959. Is the petition barred by the statute of limitations as found in §28-35-57, which states that a claim shall be barred unless a petition is filed within two

years after the occurrence or manifestation of the injury?

The occurrence of injury in this case is the complete loss of hearing in both ears. Doctor McNelis testified that petitioner had had practically a total loss of hearing for a period of five to ten years while Dr. Pearson said that there had been a total loss of hearing for several years. It was at that time that petitioner's cause of action arose. *Larkin* v. *George A. Fuller Co.*, 76 R. I. 395; *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215.

Was the loss of hearing known or manifest to petitioner? Webster's New International Dictionary (2d ed. 1946) defines the word manifestation as "discovery to the eye or to the understanding * * *." The petitioner testified that he had been reading people's lips for more than five years, which indicates very strongly that loss of hearing had become known or manifest to him for a considerable period of years.

We are of the opinion that the commission had ample basis in the evidence for its fifth finding, namely, that petitioner's loss of hearing became complete and was manifest to him for more than two years before the filing of his petition. Hence it is barred by §28-35-57. 34 Am. Jur., Limitation of Actions, §450; *Koshgarian* v. *Hawksley*, 90 R. I. 293, 157 A.2d 663; *Menna* v. *Mathewson*, 48 R. I. 310; *Giannotti* v. *Giusti Bros.*, 41 R. I. 122.

In view of our answer to the second question we deem it unnecessary to consider question 3.

Upon a careful consideration of all the evidence and arguments made relative thereto, the appeals of both petitioner and respondent are denied and the final decree of the commission is affirmed.

We shall now consider the second petition, which seeks compensation for total deafness as a result of exposure to noise and was filed on May 29, 1959 after the hearing on the first petition had been completed. Both petitions, however, were heard together before this court. It was stipu-

lated before the commission that the evidence taken in the first case should become a part of the record in this case.

The petitioner died on October 12, 1959.

The second petition is before us on respondent's appeal from the final decree of the commission entered on March 2, 1960 affirming the decree entered by the single commissioner on November 12, 1959.

That decree reads as follows:

"1. The petitioner sustained a complete loss of hearing of both ears.

"2. Such loss of hearing is due to external trauma, namely, excessive noise caused by the operation of machinery in the area where the petitioner performed the duties required of him by his employment in the respondent's manufacturing plant.

"3. The loss of hearing caused the petitioner to become disabled on March 9, 1959 and such disability arose out of a cause connected with or arising from the peculiar characteristics of the petitioner's employment with the respondent.

"4. The petitioner's average weekly wages were $78.40.

"5. Between March 9, 1959 and October 12, 1959, the date of his death, the petitioner had an earning capacity of $50.00 per week.

"Wherefore, it is hereby

"Ordered, Adjudged and Decreed

"1. That respondent pay weekly compensation for partial incapacity for work in the amount of $17.04 per week from March 9, 1959 to October 12, 1959.

"2. That respondent pay for necessary medical expenses, in accordance with the provisions of the workmen's compensation act, for such services rendered to the petitioner between March 9, 1959 and October 12, 1959."

To this decree the respondent has filed seven reasons of appeal but has argued only two questions arising therefrom, which are: "1. Is there any evidence to support the finding (no. 3) that the petitioner became disabled on March

9, 1959, due to the peculiar characteristics of his employment? 2. If the petitioner was in fact disabled on March 9, 1959, had he been by the same token disabled for more than two years prior to the filing of his petition so as to be barred by the two-year statute of limitations?"

These two questions may be considered together. There was evidence in the form of an exhibit showing that petitioner received his final wages from respondent for the week ending March 8, 1959. His hearing was the same then as it had been for several years but work which he was able to do had been taken from him and from that time on until his death, while he was able to obtain work at times, his loss of hearing was a great handicap and prevented him from getting work that he could do.

Partial incapacity began on March 9, 1959. Had petitioner sought compensation earlier it would doubtless have been denied since compensation is paid only for injury that incapacitates. *Rosa* v. *George A. Fuller Co., supra.*

From March 9, 1959 until petitioner died the evidence is that he worked when he was able to get work but it was frequently refused him because of his hearing disability. Notwithstanding he had received an injury several years earlier, it did not become incapacitating until March 9, 1959 and petitioner was not in a position to seek compensation until that time. *Rosa* v. *George A. Fuller Co., supra.*

In the first case the appeals of both the petitioner and the respondent are denied and dismissed, and the decree appealed from is affirmed. In the second case the respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and each cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Milton Stanzler,* for petitioner.

*Higgins & Cavanagh, Joseph V. Cavanagh, Harold E. Adams, Jr.,* for respondent.