SAM KOSHGARIAN *vs.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

MARCH 8, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an employee's petition to adjudge the respondent insurance carrier in contempt for noncompliance with an order contained in a final decree of the workmen's compensation commission entered May 21, 1957. It was heard by a single commissioner, who entered a decree denying and dismissing the petition. From a final decree of the full commission affirming the decree of the single commissioner, the petitioner duly prosecuted an appeal to this court.

The record establishes that on August 15, 1940 petitioner sustained a compensable injury while in the employ of the Fairmount Foundry Company of Woonsocket. Pursuant to the provisions of the then applicable statute, he received

benefits for the maximum period of 500 weeks from the instant respondent as insurance carrier for said employer.

It further appears that petitioner then applied for benefits under the provisions of the second injury indemnity fund, G. L. 1956, §28-37-8. On May 21, 1957 the full commission entered a decree ordering that:

"1. The petitioner's reasons of appeal be and are hereby granted.

"2. The petition be and is hereby granted and payments shall be made as provided in Article IIA, Section 26 and Section 27 of Chapter 3297 of the Public Laws of 1954 as amended, and shall commence from March 22, 1950 and continue in accordance with above section.

"3. That the American Mutual Liability Insurance Company be ordered to make said payments from the date of the last payment was made to the petitioner, namely March 22, 1950, and such payments to continue until petitioner's total disability due to said injuries cease or until his death.

"4. That said insurance carrier, American Mutual Liability Insurance Company be reimbursed out of the Second Injury Indemnity Fund upon order of the Director of Labor by order drawn on the General Treasurer, to be charged against the Second Injury Indemnity Fund."

The instant petition alleges, and it is conceded, that respondent took no appeal from said decree, but that an appeal to this court was taken by Raymond H. Hawksley, general treasurer, as custodian of the fund. It is also undisputed that respondent here stood ready to comply with the terms of the May 21, 1957 decree, but refrained because it was advised by the state authorities that no assurance of reimbursement could be given. Thereafter a tentative agreement between all the parties was reached, as a result of which respondent was ready to make payment and, in return, receive reimbursement therefor.

However, respondent was advised that reimbursement would only be made subject to a reservation of a right to

recover in the event that this court sustained the appeal of the general treasurer then pending before us. The respondent thereupon further declined to act as a conduit pending the decision of this court on such appeal. Thereafter, on May 5, 1959, the instant petition to adjudge respondent in contempt was filed with the commission.

Prior thereto, specifically on January 27, 1959, petitioner here had filed a motion in this court to dismiss the appeal taken by the general treasurer on the ground that he had not complied with the terms of the May 21, 1957 decree, in violation of the rule as laid down in *Girard* v. *United States Rubber Co.*, 84 R. I. 319. On June 17, 1959 in *Koshgarian* v. *Hawksley*, 89 R. I. 252, 152 A.2d 214, we denied the motion to dismiss, holding that an order by the director of labor made on the general treasurer was in the nature of a condition precedent to the vesting of any obligation upon the general treasurer directing him to reimburse the carrier from the fund.

On July 2, 1959 hearing was had in part on the instant petition to adjudge respondent in contempt and thereafter continued from time to time until after the decision of this court on the appeal taken by the general treasurer. We filed our opinion therein on February 4, 1960, holding that the workmen's compensation commission was without jurisdiction to consider the petition for benefits because it had been filed out of time. *Koshgarian* v. *Hawksley*, 90 R. I. 293, 157 A.2d 663.

The hearing on the instant petition was thereafter concluded on April 5, 1960 and on August 22, 1960 the single commissioner entered a decree denying and dismissing the petition. He gave as his reasons that since this court had declared the commission to be without jurisdiction, the decree of May 21, 1957 and the orders therein contained were void.

In his reasons of appeal petitioner has assigned twenty assertions of error, but they can be grouped within one gen-

eral proposition, namely, that the decision of this court did not result in vacating the decree as against the instant respondent, who had neither appealed from the decree in question nor sought a stay of the order requiring it to make payments in the first instance.

We are of the opinion that there is no merit in petitioner's contention. The commission was not merely without jurisdiction to enter the order directing the general treasurer to reimburse respondent here, it lacked jurisdiction to entertain a petition for benefits under the second indemnity fund and its decree was a nullity and void. See *Harrop* v. *Tillinghast,* 59 R. I. 255. The instant proceedings follow the course of equity and equity speaks through its decrees. It would seem to be elementary that where a decree is found to be void the orders contained therein are likewise without force and effect.

Moreover, the workmen's compensation commission would be powerless to order the instant respondent to make any payments to petitioner after the determination by this court that it is without jurisdiction to order the general treasurer to reimburse respondent for such payments. The authority of the commission to order respondent to make such payments in the first instance is contained in G. L. 1956, §28-37-9, which reads as follows:

> "The payments provided for under §28-37-8 shall be made by the insurance carriers or certificated employers and they shall be reimbursed out of the fund established by §28-37-1 after furnishing the director of labor a quarterly statement setting forth the names and addresses of the injured workers entitled to payments under said §28-37-8 and the basis upon which said payments were made. Said sums shall be paid out of the second injury indemnity fund by order of the workmen's compensation commission and shall be made by the director of labor by order drawn on the general treasurer to be charged against the second injury indemnity fund."

It is to be observed that the orders contained in the decree of May 21, 1957 as they relate to the general treasurer, the director of labor and the respondent are inseparably connected as authorized by the legislature in §28-37-9.

The petitioner further contends, however, that respondent, having neither complied with the order of the decree nor been granted a stay by this court from compliance therewith pending our decision, should not now be heard. He calls to our attention *Girard* v. *United States Rubber Co., supra,* and subsequent cases in point. These cases are of no assistance to petitioner, however, since it is his and not respondent's appeal that is before us. He argues that not requiring respondent to comply with the order, at least from the cessation of petitioner's original compensation payments to the decision of this court on February 4, 1960, would result in encouraging subsequent litigants to refuse compliance with unappealed decrees.

This latter argument overlooks the fact that an appeal was taken from the decree in question. Although not taken by respondent the latter's liability rested primarily on the jurisdiction of the workmen's compensation commission to make the award on which petitioner relies. In this regard respondent may have acted at its peril. See *Plouffe* v. *Taft-Peirce Mfg. Co.,* 91 R. I. 221, 162 A.2d 557. But on the state of the record in the instant proceedings there can be little doubt but that respondent would have complied if the decision of this court were favorable to petitioner in *Koshgarian* v. *Hawksley,* 90 R. I. 293, 157 A.2d 663. The hearing on the instant petition before the single commissioner was continued until the decision of this court, and if the decision had been otherwise we entertain no doubt but that all the respondents would have complied, thus obviating these proceedings.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the

workmen's compensation commission for further proceedings.

*Edward I. Friedman, Howard I. Lipsey,* for petitioner.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for respondent.