## (April 18, 1977)

■ BOARD OF EDUCATION OF THE NEW PALTZ CENTRAL SCHOOL DISTRICT, Respondent, v NEW PALTZ UNITED TEACHERS, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Dutchess County, dated October 15, 1976, which granted the application. Order reversed, on the law, without costs or disbursements, petition dismissed on the merits, and the parties are directed to proceed to arbitration forthwith. No fact findings were presented for review on this appeal. The appellant teachers' association commenced a grievance proceeding when the petitioner-respondent board of education rescinded a long-standing policy of permitting the children of nonresident teachers employed by it to attend its schools without paying tuition. Discontinuation of the practice allegedly violated that portion of the collective bargaining agreement which provided that "Any District policies unaltered or unchanged by the language of this Agreement shall remain in force". Appellant's demand for arbitration was opposed by petitioner on two grounds: one, that the issue was not embraced by the agreement; and two, that a continuation of the tuition-free policy "would be a violation of law" and should have been discontinued earlier. The Special Term stayed arbitration on the second ground advanced, holding that a policy of free tuition for children of nonresident teachers, and not for children of other nonresidents, was violative of the equal protection guarantees and that such violation "restrict[ed] the freedom to arbitrate" (see *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 617). We reverse on our holding that distinguishing, for tuition purposes, between children of nonresidents on the basis of whether the nonresident parent teaches in the petitioner's school district, is not invidiously discriminatory. There are rational bases for the difference in treatment. As appellant suggests, the policy may have been adopted to attract qualified teachers from outside of the immediate community; or upon the belief that teachers whose children attended school in the district would be more involved in, and more concerned about, the educa-

tional program of the district; or to reward nonresident teachers for services performed by them which were not performed by other nonresidents. In short, whether these and/or other bases underlie the tuition-free policy for the children of nonresident teachers, it is clear that the policy is not arbitrary or without a rational basis. Nonresident children are entitled, of course, to attend schools in another school district (see Education Law, § 3202, subd 2). We do not, by determining that the tuition-free policy is not unconstitutional, imply that it may not be discontinued. We hold only that the matter is one for arbitration under the existing agreement (see, e.g., *Matter of Board of Educ. v Yonkers Federation of Teachers*, 40 NY2d 268). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.