OPINION OF THE COURT
Gabrielli, J.
Plaintiffs appeal from an order of the Appellate Division which modified an order of Special Term whose order denied defendants’ motion to dismiss the complaint and also denied plaintiffs’ motion for summary judgment. The Appellate Division modified by granting respondents’ motion for summary judgment and dismissed appellants’ complaint. We affirm on the grounds that the challenged proceedings and steps taken by the county constitute a valid exercise of the governmental authority granted the county by section 226-b of the County Law and do not constitute a violation of the equal protection of the laws guaranteed by section 11 of article I of the New York State Constitution, as well as the Fourteenth Amendment to the United States Constitution.
Appellants commenced this action to challenge respondents’ use of county-wide real property tax revenues to build and operate a sanitary landfill for the exclusive use of the residents of the northeast quadrant of the County of Monroe. Appellants’ complaint alleges three causes of action: the first two, asserted on behalf of appellant Riley and other taxpayers similarly situated pursuant to section 51 of the General Municipal Law, allege that the use of county funds in such a manner and for such a purpose constitutes improper and illegal waste of public funds. The third cause of action, asserted solely on behalf of appellant Town of Greece, alleges that respondents’ use of county funds to support a limited access landfill, while refusing to use county funds to finánce the operations of its own town landfill, is a denial of the equal protection of the law.
 Summary judgment was properly granted the respon *148 dents with respect to all three causes of action. We hold that the respondents’ actions were authorized by section 226-b of the County Law, and are thus not subject to attack via section 51 of the General Municipal Law (cf. Stahl Soap Corp. v City of New York, 5 NY2d 200). Prior to the enactment of section 226-b, the construction and financing of sanitary landfills by counties was permitted only if the project complied with the requirements of article 5-A of the County Law, authorizing the creation and establishment of special districts. A facility authorized under article 5-A could only be funded by the imposition of a special tax on the area which was in fact served by the facility. Under such a provision, the use of general county revenues to finance a limited access landfill would not have been authorized.
In .1970, however, the Legislature enacted section 226-b of the County Law, which authorizes a county to "appropriate and expend such sums as it may deem proper to provide for the collection and disposition of solid wastes in such county”.[1] This section, which was a legislative response to the growing problem of solid waste disposal, does not contain, nor is it confined by, the strictures, restrictions, and limitations imposed upon a project authorized only by article 5-A. Absent these limitations, there is no requirement that the county *149 establish the special districts envisioned by article 5-A, and, of course, there is nothing to prevent a county from exercising its police powers to attack the problem of waste disposal, a problem which certainly affects the health and welfare of its citizens, through county-wide financing of solid waste disposal facilities. Indeed, section 226-b was specifically intended to "provide for the collection and disposition of solid wastes as a county function” (Governor’s Memorandum, McKinney’s Session Laws of NY, 1970, p 3123).
Appellants would have us read into section 226-b a proviso that it only authorizes the financing and construction of county-wide facilities. No such limitation is to be found in the language of the statute, and we may not create such a restriction. Had the Legislature wished to impose such a limitation, or to subject section 226-b to article 5-A, it could easily have done so. It has instead chosen not to do so, and this court will not usurp that responsibility and obligation which reposes solely with the Legislature.
 The third cause of action, founded on the town’s equal protection arguments, can be easily disposed of. It should first be noted that this challenge goes to the legislative activities of the Monroe County Legislature, and that legislative actions carry with them a strong presumption of validity (see, e.g., Matter of Malpica-Orsini, 36 NY2d 568, 570). Since neither a fundamental right nor a suspect classification is involved herein, a strict scrutiny test is not applicable. Thus, since appellants have not produced any cogent reason for applying such a test or, as advanced by appellants, the middle tier scrutiny we developed in Alevy v Downstate Med. Center of State of N. Y. (39 NY2d 326), the traditional rational basis test is appropriate. Applying that standard, it is evident that respondents’ activities do not violate the equal protection guarantee. The county has indicated in an unopposed affidavit that it is developing a county-wide plan for waste disposal. Since it faced a near crisis situation in the northeast sector of the county, it determined to take "emergency” action, and constructed a limited capacity, limited access landfill in that part of the county. It appears that it is now planning to construct similar facilities in the rest of the county. To require respondents not to construct any facilities until it can construct them all, would fly in the face of reason. Thus, *150 summary judgment was properly granted with respect to the third cause of action.[2]
In view of our holding, we do not reach the respondents’ challenge to the town’s standing to sue. The order appealed from should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs.

. Section 226-b of the County Law provides as follows:
"1. The legislative body of any county may appropriate and expend such sums as it may deem proper to provide for the collection and disposition of solid wastes in such county and for that purpose may acquire, construct, operate and maintain solid waste disposal sites or plants, acquire the necessary lands therefor, and purchase, operate and maintain all necessary appliances appurtenant thereto, including such vehicles as may be required for such purposes. In selecting a location for any solid waste disposal site, plant or facility the county legislative body shall take into consideration the present and any proposed land use character of the area of any proposed location and the zoning requlations, if any, applicable to such area.
"2. The legislative body of any county may, by resolution, establish schedules of rates or fees to be charged for any solid waste collection and disposal facilities or services provided pursuant to this section, which rates or fees may be collected and unpaid rates and fees enforced and collected in the same manner as provided in section two hundred sixty-six of this chapter.
"3. The term 'solid waste’ shall mean all putrescible and nonputrescible solid wastes, including garbage, rubbish, ashes, incinerator residue, street cleanings, dead animals, demolition and construction debris, automotive bodies, offal and solid commercial and industrial wastes.
"4. A county acting within its boundaries pursuant to this section shall be deemed to be acting in its governmental capacity. Nothing herein contained shall prevent a county from entering into a municipal cooperation agreement pursuant to article five-G of the general municipal law.”

. It should be noted, of course, that the town does not challenge the constitutionality of any State statute or action, but merely the manner in which the county applies the statute to a claimed "preferred” segment of the county, using general county funds. In such circumstance the town is not confounded by the general rule that, absent certain exceptional situtations, a subdivision of the State may not challenge State activities upon constitutional grounds (cf. Town of Black Brook v State of New York, 41 NY2d 486, 488; Matter of Jeter v Ellenville Cent. School Disk, 41 NY2d 283, 287; Black Riv. Regulating Disk v Adirondack League Club, 307 NY 475, 487-489, app dsmd, 351 US 922).