LAURA A. BUKOVSAN, as Parent and Natural Guardian of WILLIAM BUKOVSAN, an Infant, et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF ONEONTA, Respondent.

Third Department, April 6, 1978

## APPEARANCES OF COUNSEL

*Frank W. Getman (Michael P. Harter* of counsel), for appellants.

*Joseph T. Pondolfino, Jr.,* for respondent.

## OPINION OF THE COURT

SWEENEY, J.

This is an article 78 proceeding to review a resolution of respondent board of education establishing different tuition rates for nonresident students, those registered prior to the adoption of the resolution in question and those registered thereafter. Petitioners are all members of the latter category and the challenged resolution requires them to pay a higher tuition.

The issue for our determination is whether the resolution adopted by respondent denies petitioners equal protection of the law in contravention of section 11 of article I of the New York State Constitution. Petitioners contend that it does and on this appeal urge reversal of Special Term's judgment to the contrary.

The record reveals that the district was in need of additional finances and that the old rates were unrealistic and burdensome on the taxpayers. To remedy this condition, the instant resolution was enacted. The record also reveals that at the time the two tuition categories were established there were only 15 nonresident students already enrolled and attending the Oneonta Consolidated School System; that 13 of those students would be graduated within three years, leaving only two remaining in the system; and that the tuition of this group would be annually increased until such time as the rates would be equal.

██ Initially, we must determine the applicable standard of review. There is no suspect classification involved nor is education a fundamental right *(San Antonio School Dist. v Rodriguez,* 411 US 1; *Matter of Levy,* 38 NY2d 653.) Consequently, a strict scrutiny test is not applicable *(Riley v County of Monroe,* 43 NY2d 144). Petitioners have failed to evince any

valid reason for applying the middle tier scrutiny developed by the Court of Appeals in *Alevy v Downstate Med. Center of State of N. Y.* (39 NY2d 326) and, therefore, the appropriate standard is the traditional rational basis test *(Riley v County of Monroe, supra)*. Guided by this standard, a classification will be upheld if it has some reasonable basis and will not be held to offend the Constitution simply because the classification is not made with mathematical nicety or because some inequality results *(Montgomery v Daniels,* 38 NY2d 41).

■ We turn now to a determination of whether or not a reasonable basis exists to justify the present classification. While the primary purpose for the over-all increase in tuition rates was to strengthen the financial position of the school system, there was another equally cogent reason, as propounded by respondent, for the adoption of dual rates. Most of the students already enrolled in the school had a short time remaining before completing their studies within the school system. Respondent desired a continuation of those students in the system so as to avoid the disruption that would be caused by compelling any of them to transfer elsewhere due to the increase in tuition. It is reasonable to assume that in some cases a significant increase in the tuition rate could require students enrolled prior to the resolution to withdraw from the system because of the lack of funds. Such an effect could be detrimental to the student and conceivably frustrate the result desired by respondent after years of effort expended on the education of these students. It is the opinion of this court that there may be more than one valid objective for the action taken by a governmental unit. The action taken here obviously had a dual purpose and, in our view, was proper and within the discretion of respondent. The classification of nonresident students so as to distinguish between those registered prior to the adoption of the resolution in question and those registered thereafter has, in our opinion, a rational basis and, therefore, does not deny equal protection of the law (see *Board of Educ. v New Paltz United Teachers,* 57 AD2d 583). The judgment must be affirmed.

The judgment should be affirmed, without costs.

MAHONEY, P. J., KANE, STALEY, JR., and LARKIN, JJ., concur.

Judgment affirmed, without costs.