In the Matter of CATHERINE MAGER et al., Appellants, v RICHARD J. BARTLETT et al., Respondents.

Third Department, July 26, 1979

### APPEARANCES OF COUNSEL

*Hodgson, Russ, Andrews, Woods & Goodyear (Michael A. Brady* of counsel), for appellants.

*Michael R. Juviller (John J. Poklemba* and *Michael Colodner* of counsel), for Richard J. Bartlett, respondent.

*Robert Abrams, Attorney-General (William J. Kogan, John*

*Q. Driscoll* and *Shirley Adelson Siegel* of counsel), for Arthur Levitt, respondent.

### OPINION OF THE COURT

SWEENEY, J.

This is an article 78 proceeding. There is no factual dispute. Prior to April, 1977, petitioners were members of a stenographic pool of "law stenographers". They furnished secretarial assistance to Justices of the Supreme Court from Erie County and were paid by Erie County. The pool was abolished as of April 1, 1977 and each of the petitioners was appointed by a particular Justice to a newly created position at the initial incremental step of salary grade "17", which is set forth in section 37 (subd 1, par [b]) of the Judiciary Law. The salary, to be paid by the State, was the same they would have received if they had no prior service. In this proceeding, petitioners maintain that they should have been allocated within salary grade "17" to the incremental step which reflects the years of service in the stenographic pool. Special Term arrived at a contrary conclusion and dismissed the application. This appeal ensued.

Initially, a resolution of this controversy requires an examination and analysis of the legislation enacted to create a uniform State-wide salary plan for nonjudicial employees of the court (Judiciary Law, § 219, eff April 1, 1972, renum § 37) and the legislation bringing about the assumption by the State of all costs of court administration, together with the integration of former local employees into the State-wide system (Judiciary Law, § 39).

Pursuant to section 39 of the Judiciary Law, petitioners became State employees. Section 39 (subd 8, par [a]) directs the Administrative Board of the Judicial Conference to classify all nonjudicial officers and employees who became employees of the State pursuant to section 39. It also provides that the Administrative Board, in accordance with section 219 of the Judiciary Law (now § 37), shall determine, retroactive to April 1, 1977, the salary grade of each employee who became an employee of the State pursuant to section 39.

Section 39 (subd 8, par [b]) provides that such an employee "shall be placed into that salary grade at the salary received by such officer or employee immediately prior to said allocation or at the minimum of that grade, whichever is higher".

Section 37 (subd 4, par [a]) provides for a minimum salary

"plus the number of increments which corresponds with the number of his years in service in such position".

A careful reading of these sections demonstrates that there is a direct conflict between section 39 (subd 8, par [b]) and section 37 (subd 4, par [a]). It also demonstrates, however, that section 37 applies only to State-paid employees. Clearly, petitioners were not such, but rather, were paid by the County of Erie. Consequently, section 37 does not apply to petitioners. Furthermore, section 39 clearly pertains to new State employees, in which category petitioners fall. This legislation was enacted to transfer petitioners to the State system. Prior to the crucial date, petitioners were in a competitive class paid by Erie County and worked from a pool for various Justices. Thereafter, they were in an exempt class paid by the State and worked for one Justice in his chambers. A fair reading of these statutes compels us to conclude that section 39 (subd 8, par [b]) controls and petitioners are not entitled to increments due to prior service. Petitioners' reliance on *Totero v Levitt* (41 NY2d 1002) is misplaced since in that case the law secretaries were State-paid, whereas here petitioners were not.

We also reject petitioners' contention that they were denied equal protection. An examination of the record in its entirety establishes that there is a rational basis for the legislative classification *(Riley v County of Monroe,* 43 NY2d 144, 149). The cases relied upon by petitioners on this issue are factually distinguishable.

We have examined all other arguments advanced by petitioners and find them unpersuasive.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., MIKOLL and HERLIHY, JJ., concur.

Judgment affirmed, without costs.