ROBERTSON, Judge.
This case presents an issue of first impression and involves the interpretation and application of § 26-10-5(c), Code 1975.
Can a final order of adoption be set aside after the lapse of five years from the date of entry?
On January 17, 1990, the trial court entered an order setting aside as invalid an adoption decree entered by the probate court on April 20, 1984. That decree had allowed a stepfather to adopt the illegitimate child of his wife. After denial of the mother’s posttrial motions, the mother appeals.
The facts pertinent to this appeal are as follows: K.D.P. (mother) and P.A. (father) began dating in 1978 when they were teenagers in high school in California. When the mother became pregnant, she moved in with the father at the home of his parents, where she remained until approximately one year after the birth of their daughter. The mother and father attempted marriage prior to the child’s birth, but were denied a marriage license because of their ages. The daughter was born in July 1979. In late summer 1980, the mother took the child and moved from the home of the father’s parents due to domestic difficulties. She moved in with some of her friends in the same area where the father lived.
In October 1980, the father instituted proceedings to establish paternity of the child and to seek custody, or, alternatively, to seek visitation rights with his daughter. Initially, the mother responded through counsel; however, the case suffered several continuances and lengthy inactivity before a default judgment was entered in September 1987 establishing paternity.
During the years the case was inactive, the mother moved to Alabama and in 1981 married C.P. In 1984, C.P., with the mother’s consent, filed a petition to adopt the child. Thb petition alleged that P.A. was the father of the child but that he had abandoned the child, that he had failed to financially support the child, and that his current whereabouts were unknown. It is undisputed that the father was not personally noticed, but notice was attempted by publication in a California newspaper. The probate court granted the petition for adoption on April 20, 1984.
The father claims that after he obtained the 1987 California paternity judgment, he was allowed access to the child’s birth certificate for the first time and was then able to learn the whereabouts of his daughter. On April 18,1989, the father filed a petition in Alabama seeking to have the adoption decree set aside. The trial court set the adoption aside on January 17, 1990, over five years after it was granted, finding that § 26-10-5(c) was a statute of limitations prohibiting the initiation of actions beyond five years and that the filing of the petition immediately before the elapse of five years tolled the statute.
The mother contends that the statutory language provides that an adoption cannot be set aside after five years regardless of any irregularity or defect. She argues that the statute ensures the finality of adoption decrees and that the legislature intended that after a period of five years the interest of the biological parent yields to the interest of the child in forming a permanent relationship with an adoptive parent. Additionally, she argues that C.P. is the only father the child has ever known, and that “the policy interests of providing a stable parent-child relationship for a young child clearly outweigh the unwed father’s interest in resuming parental obligations after a ten-year lapse, regardless of the *1173 reason for that lapse.” She also contends that it would be disruptive to the child at this time to learn the true identity of her father and the circumstances surrounding her birth.
At the outset, we note that adoption in Alabama is purely statutory, and therefore, the statutes must be strictly adhered to. Wolf v. Smith, 435 So.2d 749 (Ala.Civ.App.1983); Hanlon v. Mooney, 407 So.2d 554 (Ala.Civ.App.1981). The statute upon which the mother relies, in pertinent part, is as follows:
“(c) A final order of adoption made and entered by a probate court shall not be annulled, avoided, set aside or impaired after the lapse of five years from the date thereof because of any irregularity, infirmity or defect in the adoption proceedings.”
§ 26 — 10—5(c), Code 1975.
The mother contends that there were no defects in the adoption proceedings, but even if there was a defect, she argues that the language of this statute clearly and unequivocally prohibits the annulment of the adoption decree, for any reason, after five years.
The father argues that the time limitation in the statute is merely a statute of limitations for bringing an action. He contends that he tolled the statute of limitations by filing the action two days before the five years had lapsed.
In Cofer v. Ensor, 473 So.2d 984 (Ala.1985), our supreme court faced a similar statutory time limitation and held that such limitation was a “statute of creation” barring an action, rather than a technical statute of limitations subject to tolling provisions. There, on page 987, the supreme court stated,
“[Wjhere a prescriptive period is contained within the statutory grant of a cause of action, it is a statute of creation, and the period is deemed a portion of the substantive right itself, not subject to tolling provisions. See Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965). On the other hand, where the prescriptive period comes from without the statute, it is a statute of limitations, to which the tolling provisions apply.”
The fundamental rule to be applied when this court is called upon to construe a statute is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Ex parte Holladay, 466 So.2d 956 (Ala.1985). If the statutory pronouncement is distinct and unequivocal, there is no room for judicial construction and the clear legislative intent must be given effect. Holladay.
Simple reading of the statutory language here, “A final order of adoption ... shall not be annulled, avoided, set aside or impaired after the lapse of five years ...,” § 26-10-5(c), Ala.Code 1975, demonstrates the legislative intent to finalize an adoption, that is, to set a time when the adoption cannot be set aside.
It is well established that the paramount consideration in dealing with the custody of a child is the best interest and welfare of the child. Clark v. Holland, 274 Ala. 597, 150 So.2d 702 (1963). On some occasions the right of a blood relative is strictly subsidiary to the welfare of the child. Clark. In the instant case, we cannot see how the introduction of a father into this child’s life, different from the only father she has ever known, can be considered in the best interest of the child at this time. It appears that the legislature intended to protect adopted children and their adoptive families from this very type of intrusion on the adoptive relationship with the enactment of this statute.
We find that the statute prohibits a decree of adoption from being set aside after the lapse of five years. If this was not the legislative intent, the statute would have provided that any action to set aside a final order of adoption shall be barred after the lapse of five years, or other language to designate § 26-10-5(c) as a statute of limitations for commencement of actions. Under the circumstances of this case, the *1174 trial court erred by setting aside the adoption decree after the lapse of five years.
For the foregoing reasons, this case is reversed and remanded to the trial court for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.