MADDOX, Justice.
The issue presented in this case is whether the Court of Civil appeals erred in holding that a final order of adoption cannot be set aside after the lapse of five years from the date of entry, even if the action to set it aside is brought within five years. Ala.Code 1975, § 26-10-5(c), in effect at the time this proceeding was commenced, provided as follows:
“(c) A final order of adoption made and entered by a probate court shall not be annulled, avoided, set aside or impaired after the lapse of five years from the date thereof because of any irregularity, infirmity or defect in the adoption proceedings.”[1]
The petitioner, in his petition for rehearing filed in the Court of Civil Appeals, requested that Court to make additional findings of fact as authorized by Rule 39(k), Ala.R.App.P. and we have considered those facts in deciding the issue presented.
On June 22, 1984, the probate court entered final orders holding that B.W.C. had legally adopted A.N.M. and K.K.M. After B.W.C. and his wife divorced, and approximately three years after the probate court had entered the orders of adoption, B.W.C. filed a petition in the probate court to set aside the adoptions as fraudulent, alleging that his signature had been forged on the petitions for adoption.
On April 7,1989, the probate court transferred the case to the juvenile court, which denied B.W.C.’s petition with the following order:
“After careful review of the facts presented during the trial of this case, it is the opinion of the Court that the relief *281 sought by the petitioner is due to be denied. On Aug. 22, 1985, the Circuit Court of Marshall County entered a divorce decree in case DR-85-200170 which terminated the marriage of [B.W.C. and K.C.]. Said decree provided that [B.W.C.] was to pay child support in the amount of $300.00 each month. [B.W.C.], the petitioner in this action, made no attempt to appeal his divorce decree. Some two years after the entry of the decree of divorce, [B.W.C.] filed this action seeking to set aside the adoption granted on June 22, 1984.
“It is apparent to the Court after review of the transcript of the divorce proceeding that the issue of the validity of the adoption was raised at that time. The Circuit Court found that [B.W.C.] had an obligation to pay support for these children. If [B.W.C.] wished to contest that finding, the proper method was to appeal from the order of the Circuit Court, not file an action some two years later in another Court.”
After the trial court denied his motion for new trial, B.W.C. appealed to the Court of Civil Appeals. The Court of Civil Appeals dismissed the appeal on the authority of § 26-10-5(c), stating the following:
“Section 26-10-5(c) Code 1975, prohibits a decree of adoption from being set aside after the lapse of five years. K.D.P. v. F.A., 571 So.2d 1171 (Ala.Civ.App.1990). Therefore, on authority of K.D.P. v. F.A., this appeal, being moot, is dismissed.”
590 So.2d 279.
The effect of that holding, of course, is that an order of adoption cannot be set aside unless the proceeding to have it set aside is completed within five years, because it is undisputed that this proceeding was commenced within the five-year period.
In K.D.P. v. F.A., 571 So.2d 1171 (Ala.Civ.App.1990), the case cited by the Court of Civil Appeals, the probate court entered an adoption order on April 20, 1984, allowing a stepfather to adopt the illegitimate child of his wife. On April 18, 1989, the biological father filed a petition to set aside the adoption order. The trial court granted the petition to set aside on January 17, 1990. The Court of Civil Appeals reversed, holding that it was the intention of the legislature to finalize an adoption, that is, to set a time after which an order of adoption cannot be set aside. That court further reasoned:
“If this was not the legislative intent, the statute would have provided that any action to set aside a final order of adoption shall be barred after the lapse of five years, or other language to designate § 26-10-5(c) as a statute of limitations for commencement of actions.”
We noted that this Court was not asked to review the decision in K.D.P. v. F.A. Having now reviewed that case, we believe it to have been incorrectly decided, and it is hereby overruled. The Court of Civil Appeals mistakenly based its holding in that case upon Cofer v. Ensor, 473 So.2d 984 (Ala.1985), in which this Court held that the two-year limitations period found in Ala. Code 1975, § 6-2-38(a), as applied to Ala. Code 1975, § 6-5-391, is a “statute of creation,” not subject to any tolling provisions. Stated differently, we held that the minority of a parent of a deceased minor child did not toll the running of the two-year period for bringing an action for the death of the child. Because the parent in Cofer brought the action 2 years and IOV2 months after the death of the child, the action was time-barred. In the present case, however, the petitioner filed this proceeding three years after the trial court had entered the adoption order, well within the five years allowed by § 26-10-5(c).
We agree with the Court of Civil Appeals that § 26-10-5 is a “statute of creation,” because it creates a new liability, and, to enforce that liability gives an action that did not exist at common law, and, within the text of the statute itself,[2] includes a time within which one must bring that action, but we think the principle ordinarily applicable to “statutes of creation” is not applicable here. We agree that the *282 five-year period for commencing an action under § 26-10-5(c) enters into and becomes a part of the right of action itself and is a limitation directed at the newly created right, not just the remedy,[3] but we cannot agree that the action to set aside the adoption must be completed within that period. The key is that the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever.
We interpret § 26-10-5(c) to mean that an action to set aside a final order of adoption under the statute has as one of its constituent elements the requirement that the suit be begun within five years from the date of the final order, not that it must be completed within that period.
While this Court has recognized that there is a distinction between a statute of limitations and a statute of creation, this differentiation is not determinative of the case at hand, for this case was initiated well within the five-year period allowed by the statute. The plaintiffs burden is only to show that the action was commenced within the period provided in the statute. Louisville & N.R.R. v. Chamblee, 171 Ala. 188, 54 So. 681, 682 (1911). Our research has revealed no other jurisdiction that has held otherwise. See Muller v. Thaut, 230 Neb. 244, 430 N.W.2d 884 (1988); Knight Pub. Co. v. University of South Carolina, 295 S.C. 81, 367 S.E.2d 20 (1988); Trinity Broadcasting Corp. v. Leeco Oil Co., 72 Blue Sky L.Rep. 125, 692 P.2d 1364 (Okl.1984); Nowakowski v. District Court in and for Denver County, 664 P.2d 709 (Colo.1983); Montgomery v. Polk County, 278 N.W.2d 911 (Iowa 1979); Riley v. Monroe County, 400 N.Y.S.2d 801, 43 N.Y.2d 144, 371 N.E.2d 520 (1977); Hillier v. City of East Hartford, 167 Conn. 100, 355 A.2d 1 (1974); Bailey v. Evansville-Vanderburgh Airport Auth. Dist., 240 Ind. 401, 166 N.E.2d 520 (1960); Koshgarian v. Hawksley, 90 R.I. 293, 157 A.2d 663 (1960); State v. Hamilton, 298 P.2d 1073 (Okl.Cr.1956).
Last, we agree with the Court of Civil Appeals that “the paramount consideration in dealing with the custody of a child is the best interest and welfare of the child. Clark v. Holland, 274 Ala. 597, 150 So.2d 702 (1963).” K.D.P. at 1173.
Based upon the foregoing, the judgment of the Court of Civil Appeals holding that the action was barred is reversed, and the cause is remanded for proceedings consistent with this opinion.
By reversing the judgment and remanding the cause, we should not be understood as addressing whether the petitioner was barred for some other reason, such as that stated by the trial judge — that the issue of the validity of the adoption had been adjudicated or could have been adjudicated in the divorce proceeding.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
ADAMS, J., concurs in the result.

. This statute has since been repealed by Acts 1990, No. 90-554, § 38, effective January 1, 1991. The relevant portion of Act 90-554 reads as follows:
"(d) A final decree of adoption may not be collaterally attacked, except in cases of fraud or where the adoptee has been kidnapped, after the expiration of one (1) year from the entry of the final decree and after all appeals, if any.”
"When statutes are amended or replaced by succeeding legislation, the Legislature often seeks to clarify previously ambiguous provisions. These subsequent acts by the Legislature must be considered in trying to determine the intent of the Legislation." McWhorter v. State Board of Registration for Professional Engineers & Land Surveyors ex rel. Baxley, 359 So.2d 769 (Ala.1978).
In trying to determine the legislative intent of § 26-10-5(c), we examined the subsequent statute, Act No. 90-554, and found that the change in wording clarified the legislature’s intent that the burden rests upon the plaintiff to show that he initiated the cause of action within the specified time period. While § 26-10-5(c) stated that “the final order ... shall not be annulled, avoided, set aside or impaired after the lapse of five years,” the new statute states specifically that the “final decree of adoption may not be collaterally attacked ... after the expiration of one (1) year.” We hold that the instant revisions evidence the legislative intent that the key to retaining the right to set aside the final order of adoption is the commencement of the action within the specified time period.

. See State, Department of Revenue v. Lindsey, 343 So.2d 535 (Ala.Civ.App.1977); see generally 51 Am.Jur.2d Limitation of Actions §§ 8, 15, 22 (1970).

. See Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979); Shirley v. Getty Oil Co., 367 So.2d 1388 (Ala.1979); Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965); Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13 (1942); Larry v. Taylor, 227 Ala. 90, 149 So. 104 (1933).