124 So.2d 830

Mrs. Jo W. FULMER

v.

Garlen E. ROBINSON et al.

6 Div. 539.

Supreme Court of Alabama.

Nov. 17, 1960.

Beddow, Gwin & Embry and T. Eric Embry, Birmingham, for appellant.

Maurice Rogers, Birmingham, for appellees.

SIMPSON, Justice.

This is a suit in equity for the custody of a five months old, illegitimate child, by the infant's grandmother, the appellant, against the appellees with whom the mother had entrusted the child.

The mother gave the appellees her infant daughter after it had been living with the grandmother since its birth. Immediately upon receiving the child the appellees notified the Child Welfare Department and began adoption proceedings. They already have one adopted child and are quite well off financially and sufficiently able to take care of another. Their home surroundings are excellent. The lower court denied the petition of the grandmother and we are of the opinion that his conclusion on the facts is not palpably wrong, necessitating an affirmance of the decree. Sparks et ux. v. McGraw, 270 Ala. 159, 117 So.2d 372; Bianco v. Graham, 268 Ala. 385, 106 So.2d 655; Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887; Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393.

Of course, in such cases the paramount concern is the best interest and welfare of the child. Horton v. Gilmer, supra. Also, the right of a blood relative is strictly subsidiary to the welfare of a child. Garrett v. Mahaley, 199 Ala. 606, 75 So. 10; Children's Aid Society v. Davis, 211 Ala. 344, 100 So. 325.

The appellant has some income, but is working, and it seems that one of her other daughters would stop work and look after the child, if custody should be awarded to the grandmother. There is no question about the home surroundings of the grandmother, either. The appellant takes the point that blood relationship overrides the presumption indulged in favor of the trial court's finding and that the same prima facie right of a natural mother to custody of her child should be extended to the grandmother. We find no support for this view in our cases but will lay aside this proposition and rest our conclusion on a consideration of the facts. If the grandmother should be awarded custody of the child, the status of the child would not be as favorable as if the appellees are awarded custody, where she would grow up in the seclusion of a nice home, as their child, and knowing them as father and mother. There is an older sister which the appellees have adopted which would furnish companionship in rearing the child. Moreover, the Welfare Department (Department of Pensions and Security) has already given a favorable report to the adoption. All in all, we can see no sound reason for overturning the trial court's decision in the matter. We have mentioned before the vast experience and learning of the trial judge in such cases and wish to emphasize that we would be unwarranted in disturbing his finding. Horton v. Gilmer, supra.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.