150 So.2d 702

**Edna Darlene CLARK et al.**

v.

**Richard HOLLAND et ux.**

**8 Div. 115.**

Supreme Court of Alabama.

Feb. 28, 1963.

MacDonald Gallion, Atty. Gen., Mary Lee Stapp and Julia H. Griswold, Asst. Attys. Gen., for appellants.

Thos. C. Pettus, Moulton, for appellees.

MERRILL, Justice.

This appeal is from a final decree of the circuit court in a habeas corpus proceeding in which the custody of a minor child, Edna Darlene Clark, was awarded to the adoptive parents, Richard and Marjorie Holland, the appellees here and respondents below.

The original petitioner in the instant proceeding was the child, suing by next friend, Frances Smith, as agent of the Lawrence County Department of Pensions and Security. The petition was amended prior to trial to add as parties plaintiff, Mrs. Mary Keener Lawson, the natural mother of the child, Joe Lawson, the step-father, and the State of Alabama, Department of Pensions and Security. The petition was filed January 24, 1962, and the final decree, from which this appeal was taken, was rendered on March 24, 1962.

This is the third legal proceeding had in this matter. A condensed statement of the facts will give the background.

The mother of the child has always resided in the State of Tennessee. By her first marriage, she had three children and her husband deserted her and the children in 1952. She later secured a divorce from her husband and still later the subject child here, Darlene, was born out of wedlock in 1954. When the child was about six months old, the mother began a courtship with Lawson and married him in 1956. She has had three more children by Lawson since their marriage.

In July, 1959, the Hollands, appellees, and a childless couple, went to Tennessee to see Mrs. Lawson and requested her to let Darlene stay with them in their home in Lawrence County, Alabama. The next day, Mrs. Lawson signed an agreement stating that she could not give Darlene the advantages she should have in life, that the Hollands could, and she released Darlene to their custody, gave them permission to take her to Alabama with the understanding that the Hollands might wish to adopt her later, but specifying that this agreement had nothing to do with the adoption proceedings.

The Hollands took Darlene to their home and wrote letters back to Mrs. Lawson stating that the child was well and happy. Later, Mrs. Lawson wrote some letters to the Hollands requesting that they bring Darlene back to Tennessee, but these requests were ignored.

On February 12, 1960, the Hollands filed a petition for adoption of Darlene in the Probate Court of Lawrence County. The mother, Mrs. Lawson, filed an answer saying she had not given consent to the adoption. While the adoption proceedings were pending, Mrs. Lawson filed a petition for habeas corpus in the Circuit Court of Lawrence County, in Equity, against the Hollands on April 22, 1960. The probate judge, who had heard the adoption case and had stated that he would announce his decision on May 6, entered an order of continuance on April 25, and the order stated that no action would be taken on the adoption proceedings until after the case in circuit court was disposed of.

The circuit judge ordered the petition for habeas corpus transferred to the law side of the docket on the authority of Lumpkin v. Meeks, 263 Ala. 395, 82 So.2d 535, and treated the cause as if it had been filed on the law side. After a full hearing in June, 1960, the circuit judge entered a decree denying the prayer for custody, and awarded the custody of the child, Darlene, to the Hollands. The decree stated:

"Upon consideration of the evidence in this cause, together with the stipulation of record herein, the Court is of the opinion that the best interest of said child, Edna Darlene Clark (or Holland) will be served by the custody being with the respondents, Richard Holland and Marjorie Holland."

At the request of the Department of Pensions and Security, the decree was amended to allow Mrs. Lawson to visit the child under the supervision of the Department. She visited the child only one time.

'' The probate judge entered an interlocutory order granting the petition for adoption by the Hollands in July, 1960, and the order was made final on January 13, 1962.

The decree in the instant case, dated March 24, 1962, reads in part:

"Upon hearing the evidence in this cause the Court is of the opinion that the petition for the custody of said child should be denied.

"It is, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the petition for the custody of said child be, and the same is hereby denied. The court finds that the respondents are in control of the custody of said child under a former valid decree of this Court and under a final decree of adoption of the Juvenile Court of Lawrence County, Alabama. The Court further finds that the welfare and interests of said child are being properly protected, and that it is to the best interest of said child that its custody remain with the respondents, Richard Holland and Marjorie Holland. The foregoing is hereby ordered by the Court, and the petition is hereby dismissed. The petitioners will pay the costs of this proceeding."

The opening paragraph of the State's brief in argument on the merits reads:

"In the case at Bar, the State of Alabama, by and through its duly authorized agent in matters involving child welfare is the main party in interest. We submit herein the Final Decree from which this Appeal is taken is null and void. The State of Alabama seeks then the deprivation of any purported adoptive or custodial rights of these alleged foster or adoptive parents, the Appellees herein, and pray that they be compelled to yield to the superior right of the State that exists, where the welfare and best interests of a minor child such as the one in issue here, are at stake. This is the State's interest in the case at Bar. It is why the State prays that the care and custody of this child be returned to the natural mother herein, Mrs. Mary Keener Lawson."

The next page of the brief says "it is submitted that said Decree is void and invalid."

This is rather strange argument in view of the fact that the petitioner in the first case was the natural mother of the child, and she is a petitioner in the instant case along with agents of the Department of Pensions and Security and the State of Alabama. They petitioned the circuit judge of Lawrence County for a writ of habeas corpus. They invoked the jurisdiction of the court. Each time there was a full hearing with many witnesses testifying before the court. It is also argued that the circuit court of Lawrence County was without jurisdiction.

■ It is the rule in Alabama that when a party invokes the jurisdiction of a court on an alleged state of facts which gives the court jurisdiction, and the court has proceeded to determine the controversy, the party or parties invoking its jurisdiction will not be permitted to assume an inconsistent position in the same proceedings or question the regularity thereof; and this principle applies on appeal as well as to the proceedings in the trial court. Ray v. Hilman, 229 Ala. 424, 157 So. 676; Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 134 So.2d 159.

■ There is no question but that the circuit court of Lawrence County had jurisdiction of this child who had been in the county for over two years, and we have so held in Little v. Little, 249 Ala. 144, 30 So. 2d 386, 171 A.L.R. 1399, and Ferguson v. State ex rel., 251 Ala. 645, 38 So.2d 853. In Ex parte Pruitt, 207 Ala. 261, 92 So. 426, it was held that even though an order transferring a cause from the circuit court to a juvenile court may not have been valid, the parties having consented, and submitting without objection to the juvenile court's assumption of jurisdiction, and allowing the cause to proceed to judgment, neither party could complain of any lack of jurisdiction

on appeal from an order awarding custody of two minor children.

In the instant case, the circuit court had jurisdiction and the decree was not void. The only question now before us is its correctness.

 The mother of Darlene testified that she had reached the sixth grade, but by her own admission, she had gone to school only part time and could not read much more than her name. She did not live with her three children by her first marriage but left them with her mother and they were supported by the State Welfare Department of Tennessee. Her present husband had a son about fourteen years of age by a previous marriage who lived with his grandmother in Indiana, but Lawson had not seen this child since 1954, and had not contributed to his support for over nine years. It was also stipulated in open court:

"Richard Holland and Marjorie Holland are both Christian people, financially, physically, emotionally and morally qualified and capable of caring for Darlene; that since Darlene has been in their custody they have shown and demonstrated parental love for Darlene, and Darlene has shown and demonstrated her love for both Richard and Marjorie; that the Hollands are financially able to educate Darlene, and they have, ever since Darlene has been with them, given Darlene proper religious training; that Darlene has accustomed herself to the Hollands and refers to them as 'Mommy' and 'Daddy', and refers to herself as 'Darlene Holland'."

Child custody cases are many times difficult to decide and call for real heart-searching, but this case is not one of those. The great preponderance of the evidence supports both the decrees of the trial judge in 1960 and 1962 that the best interest of the child is to leave it in the custody of the Hollands. The only reason given by any witness to the contrary is that the natural mother wants it back.

The paramount consideration in dealing with the custody of an infant is the best interest and welfare of the child, and the right of a blood relative is strictly subsidiary to such welfare. Fulmer v. Robinson, 271 Ala. 437, 124 So.2d 830. We find no reversible error in the decree of the circuit court. See Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393, where we also affirmed a decree awarding custody of a child, born out of wedlock, to others than its natural mother.

We have carefully considered all the evidence on the instant appeal and find no reversible error and also find that the decree is supported by much evidence.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.