This is an open account case.
 I
When the two parties had each concluded the presentation of their evidence, the trial court granted the plaintiff's motion for a directed verdict. The defendant appealed. We have read the trial record in its entirety and portions thereof have been reviewed several times. The briefs of counsel have been studied.
The defendant admitted that he executed a particular lease agreement which is the foundation of the plaintiff's civil action. Section 12-21-112, Code of Alabama (1975), would apply. He further stated that he had received credit for all payments which were made by him upon that debt. No item contained in the account, neither debit nor credit, was disputed by him. In short, proof of the account was made to the exclusion of any unfavorable influence and there was not a scintilla of evidence to the contrary. Since no material issue of fact was disputed by a gleam, glimmer, spark or trace of evidence, the trial court correctly directed the verdict for the plaintiff. AlabamaPower Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975).
 II
The defendant filed a third party complaint and it was struck by the trial court upon motion of the two third party defendants, which action of the trial court is here argued as being erroneous. The plaintiff filed no motion nor other pleading whatsoever to that third party complaint.
Neither of the two third party defendants were given any notice of the appeal in this case. Therefore, necessary parties are not before this court as to this issue.
Even if we assume that the trial court erred in striking the third party complaint, that would not be a valid issue which could be raised solely between the plaintiff and the defendant upon this appeal, for, under the posture of the pleadings, that controversy would only be between the defendant and the third party defendants. We fail to see any interest or concern in this case of the plaintiff on that question.
This appeal is in no present legal condition for us to decide the issue of whether or not the trial court was in error in ordering that the third party complaint be struck.
 III
The plaintiff offered into evidence an itemized verified account. The defendant did not file an affidavit which denied the correctness of that account and which contained the necessary denial of facts as required by § 12-21-111 of the Code of Alabama of 1975. The trial court correctly permitted that statement of the account to be introduced into evidence as plaintiff's exhibit 5 pursuant to that statute. *Page 71 
 IV
The defendant complains that the plaintiff's exhibit 1 was improperly admitted into evidence over his objection. Subsequently, the plaintiff withdrew that particular itemized statement of the account as an exhibit. Since it did not remain in the case as a part of the evidence, the trial court did not consider it in granting the directed verdict for the plaintiff and that exhibit had no effect upon the outcome of the case. The trial court's initial ruling allowing its introduction into evidence became moot and immaterial. If original error in that regard be admitted, it was either cured by the withdrawal of the exhibit, or, at most, it became error without injury under A.R.A.P., rule 45, and A.R.Civ.P., rule 61.
 VI
The trial court overruled the defendant's best evidence objection to the plaintiff's introduction into evidence of a carbon copy of an original check. The best evidence rule was inapplicable. The original check was an incidental or collateral issue to any main issue in the case. Under those circumstances, proof could be made of its contents by the plaintiff's introduction of the carbon copy thereof without producing the original or without showing any excuse for its nonproduction. C. Gamble, McElroy's Alabama Evidence § 226.01 (2), (3d Ed. 1977).
The judgment of the trial court is affirmed.
Pursuant to A.R.A.P., rule 38, the plaintiff has requested that its attorney's fees on appeal be taxed against the defendant as a part of the costs on appeal. That request is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.