Appellant filed notice of appeal and posted bond in a case where trial judgment against appellant was in the amount of $11,434.75. The record on appeal was complete on March 29, 1984. Appellant has not filed a brief. Appellee on May 2, 1984, moved for affirmance of the trial court judgment or dismissal of the appeal. Appellee requests 10 percent damages under Code 1975, § 12-22-72, attorney's fees for filing the motion ($267.90), and costs. Appellant has not filed a response to appellee's motion. *Page 67 
Appellant's obvious failure to prosecute this appeal leaves this Court no choice but to characterize the appeal as frivolous. Failure of appellant to file a brief within 28 days constitutes a ground for dismissal. A.R.A.P. Rule 31 (c). Furthermore, this Court may assess "single or double costs" as well as "just damages" against an appellant who files a frivolous appeal. A.R.A.P. Rule 38. See Millican v. Cantrell,378 So.2d 737 (Ala. 1979). See also RMP, Inc. v. Arledge,417 So.2d 158 (Ala. 1982). We see no reason that attorney's fees cannot be awarded as just damages under Rule 38. CompareSchreiber v. Equico Lessors, 428 So.2d 69, 71 (Ala.Civ.App. 1983) (attorney's fees not awarded as part of costs under A.R.A.P. Rule 38). Attorney's fees are probably the most likely damages from a frivolous appeal other than the loss of potential interest on the trial judgment; damages in the form of lost interest are provided for under A.R.A.P. Rule 37.
Appellee's final request is for 10 percent damages under Code 1975, § 12-22-72. That statute provides:
 "When a judgment or decree is entered or rendered for money, whether debt or damages, and the same has been stayed on appeal by the execution of bond, with surety, if the appellate court affirms the judgment of the court below, it must also enter judgment against all or any of the obligors on the bond for the amount of the affirmed judgment, 10 percent damages thereon and the costs of the appellate court; and, upon the appeal of any judgment or decree entered or rendered for any amount of commissions, fees or compensation fixed or determined by the trial court and taxed or allowed as costs, if the appellate court affirms the judgment or decree of the court below and the payment thereof has been stayed on such appeal, judgment shall be entered by the appellate court against all or any of the obligors on the bond for the amount affirmed, 10 percent damages thereon and the costs of the appellate court; provided, however, that if no supersedeas bond has been executed on such appeal, the appellate court, in the event of affirmance, shall increase the amount so allowed as costs by the court below in the judgment or decree appealed from by adding thereto 10 percent damages thereon and the costs of the appellate court."
Although appellant has not prosecuted the appeal, this Court has reviewed the record on appeal and affirms the trial court's judgment. Because the conditions for an award under § 12-22-72
have been met, we hold that the 10 percent damages under §12-22-72 should be assessed against appellant.
AFFIRMED; ATTORNEY'S FEES GRANTED TO APPELLEE IN THE AMOUNT OF $267.90; DOUBLE COSTS AWARDED TO APPELLEE; INTEREST AWARDED TO APPELLEE FROM THE DATE OF THE TRIAL JUDGMENT AS PROVIDED UNDER RULE 37; AND THE 10 PERCENT DAMAGES UNDER § 12-22-72
ASSESSED AGAINST APPELLANT AND HIS SURETIES.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.