Mrs. Clara L. Guyton sought the sale of an allegedly jointly-owned house and lot, with the sale proceeds to be divided equally between the parties.
The sale was contested by the answer of Wardell Guyton (the defendant), who represented himself. On the date set for a *Page 641 
hearing in the case, an agreement was reached, whereby, among other things, the property was to be appraised and the defendant was given the right to purchase the plaintiff's one-half undivided interest based upon the appraised value. No agreement was made concerning the fees of the plaintiff's attorney, but the trial court stated the following during the dictation of the agreement into the record in open court:
 "The aspect of attorney's fee: if you [the plaintiff's attorney] can work something out with Mr. Guyton [the defendant] regarding that and can present the Court with a written supplement, that will be fine; if not, we'd have to take that up as another contested matter at the end of this case."
In the judgment, which approved and set forth the agreement of the parties, it was provided that all other matters not addressed in the judgment nor dealt with in the stipulation of the parties were reserved.
The defendant paid to the plaintiff the stipulated amount for the plaintiff's interest in the property, which was duly conveyed to the defendant by the plaintiff. The plaintiff filed a motion for an award of an attorney's fee, and evidence was presented ore tenus to the trial court upon that matter. The testimony of a practicing attorney with twenty years experience was, in short, that he had reviewed the court file and the file of the plaintiff's attorney and that a reasonable fee for the plaintiff's attorney for his many professional services in the case would be the usual and ordinary fee in such type litigation of ten percent of the appraised value, which fee would amount to $2,650.
The trial court rendered a judgment for the fee for $2,650. Since the issue as to the attorney's fee was the last undetermined matter in the case, a dismissal of the case was also entered. The defendant appealed and also represents himself in this court. We respond to the issues as raised by the defendant as we understand them.
In his brief, the defendant cites King v. Keith, 257 Ala. 463, 60 So.2d 47 (1952), in support of his contention that the attorney who was called as the plaintiff's witness was not a creditable person and that his testimony should be disallowed because of a lack of creditability. We have read and studied the entire record, as well as the cited case, and we are not impressed with such an argument. The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose discretion will not be disturbed on appeal except for a palpable abuse.Rannells v. Graham, 439 So.2d 12, 20 (Ala. 1983). The witness was properly qualified, and we find no abuse of discretion in allowing him to testify as to his opinion as to a reasonable fee.
The defendant's brother was made a party defendant. The defendant complains of certain actions and rulings which were taken or made against his brother, such as the rendition of a judgment by default against the brother. Even if any of those matters had any merit, any such controversy would be between the brother and the plaintiff since the defendant has not shown any legal interest or concern therein that can be properly asserted in this appeal where the brother is not made a party to the appeal, where the brother was given no notice of the appeal, and where the brother did not himself appeal. Schreiberv. Equico Lessors, 428 So.2d 69 (Ala.Civ.App. 1983).
The defendant argues other matters, but has cited no authority in support of such argument. Where an appellant fails to cite any authority as to an issue raised by him, we may affirm, for it is neither our duty nor our function to perform the legal research for an appellant. Shory v. Peavy,431 So.2d 1319 (Ala.Civ.App. 1983). Additionally, the defendant argues some facts which are outside of the appellate record, but we cannot consider those facts which are unsubstantiated by the record. The record on appeal cannot be factually enlarged, changed, altered, or varied by statements which appear only in *Page 642 
briefs. Taylor v. Taylor, 434 So.2d 280 (Ala.Civ.App. 1983). Accordingly, we affirm as to the remaining issues which were raised by the defendant because of those deficiencies in his brief. However, we make the following observation. The defendant misconstrues the agreement which was entered in this cause. The question of an attorney's fee was left as a pending matter, which was to be decided by the court if no agreement upon the fee could be subsequently reached. In partition sale cases, the award of an attorney's fee is left to the discretion of the trial court. Spiller v. Mackereth, 334 So.2d 859 (Ala. 1976). After a considerate and painstaking study of the record, we are convinced that the trial court did not abuse its discretion in the attorney's fee as awarded. The intimate knowledge of the case by the trial court gave to that court a special advantage to correctly decide the issue, and we have no right to disturb that decision.
The judgment of the trial court is affirmed.
The plaintiff's motion to dismiss the defendant's appeal is overruled.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.