L. CHARLES WRIGHT, Retired Appellate Judge.
This case has previously been before this court on a procedural matter. For the resolution of that matter see D.K.G. v. J.H., 627 So.2d 935 (Ala.Civ.App.1992).
J.H. and T.H. filed a petition in the Juvenile Court of Mobile County, requesting that the court find A.A.H. to be dependent and award temporary custody to them. D.K.G. (the minor child’s maternal aunt) subsequently filed a petition requesting that she be given temporary custody of the child. Following oral proceedings, the court referee found the child to be dependent and awarded temporary custody to J.H. and T.H. The court ordered home studies of the petitioners and reset the matter for further disposition. Following the final hearing, the court awarded temporary custody to J.H. and T.H. D.K.G. appeals.
The court’s finding of dependency is not at issue. The sole issue on appeal is whether the court erred in awarding temporary custody to J.H. and T.H. The maternal aunt insists that the court’s award was in error. She argues that the child’s best interests would be served by awarding custody to her, particularly in view of the fact that she is related by blood to the child.
*938 Once a trial court has found a child to be dependent, § 12-15-71, Ala.Code 1975, authorizes the court to make a number of dispositions, including transfer to “[a] relative or other individual who, after study by the department of human resources, is found by the court to be qualified to receive and care for the child.” The paramount considerations in such a situation are the welfare and best interests of the child. The relationship of a blood relative is subsidiary to such welfare. Clark v. Holland, 274 Ala. 597, 150 So.2d 702 (1963).
This court does not often reverse a trial court’s custodial decision. Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985). When a trial court is presented the evidence in a custody proceeding ore tenus, there is a presumption that the trial court’s judgment is correct. We will not reverse that judgment unless an abuse of discretion is shown or unless the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Calabrisi.
We have reviewed the record in its entirety and have determined a lengthy recitation of the facts to be unnecessary. In our opinion, the record shows that petitioners J.H. and T.H. are capable of providing a nurturing environment for the child. The child has been in their custody since December 1991, when the mother voluntarily relinquished custody to them. We agree that it is in the best interests of the child to remain in familiar surroundings until a final disposition of this matter is made.
The court’s judgment is supported by the evidence. It is accordingly affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.