L. CHARLES WRIGHT, Retired Appellate Judge.
David Lee Neese and Paula Rodgers lived together from 1984 to 1988. During that time, a daughter, Melissa, was born to the parties. The mother had a son, Michael, from a previous marriage, who lived with the parties. At the time of these proceedings Michael was 14 and Melissa was 6.
In August 1991 the father/stepfather (Neese) filed a petition for temporary custody of Michael. He alleged that he was in need of an immediate order so that he could enroll Michael in school. The court granted the requested relief on the same day it was filed.
On September 4, 1991, the mother filed a complaint, seeking a divorce, custody of the minor children, child support, a property division, and alimony. On September 9, 1991, Neese filed a counter-complaint, seeking temporary custody of Melissa. The court consolidated the complaints and pleadings. It informed the parties that it would hold a pendente lite hearing on September 26,1991.
The mother failed to appear at the penden-te lite hearing. The court entered an order granting temporary custody of both children to Neese. At the time of the hearing the mother had left the jurisdiction with the minor daughter. Their whereabouts were unknown.
In February 1992 Shelby Markiewicz, the maternal grandmother, filed a pleading, which she subsequently withdrew. In April 1992 the grandmother filed a motion to intervene. The motion was granted by the trial court. The grandmother subsequently filed a complaint, seeking custody of the minor children. She requested that she and her daughter be awarded joint custody or, in the alternative, that she be awarded sole custody. The grandmother’s pleadings were made pro se. The court set a November hearing date to make a permanent disposition of all the matters presented by all the parties.
The mother did not appear for the final dispositional hearing. The location of the mother and child were still unknown. The court entered a default judgment against the mother and in favor of Neese. The court proceeded to take testimony on the grandmother’s petition. Following the grandmother’s presentation of her case, Neese moved for a “directed verdict,” alleging that the grandmother failed to present sufficient evidence to support her petition. The trial court granted the request of Neese and denied the grandmother’s requested relief. The court divorced the parties, finding that they were married at common law. It awarded permanent custody of both children to Neese and ordered the mother to pay child support. The grandmother appeals.
The grandmother presents various arguments on behalf of the mother. Those arguments are not properly before this court because the mother is not a party to this appeal. Guyton v. Guyton, 469 So.2d 640 (Ala.Civ.App.1985). The only issue properly *837 before us is whether the trial court erred in refusing to give custody to the grandmother.
The grandmother represented herself at the hearing. She presented evidence that Neese had been arrested in 1989 on alcohol-related offenses and in 1990 for criminal mischief. She did not present any evidence concerning her fitness to have custody of the children or what custodial arrangement would be in the best interests of the children.
No matter which child custody standard we apply, the polestar remains the same— what are the best interests of the children. The grandmother failed to meet her burden of establishing her fitness as a custodian. The grandmother’s only strategy was to attempt to show the unfitness of Neese. She failed. Although the grant of the directed verdict may not have been the “judicially correct” method of disposing of the issue, we cannot say that the trial court erred in refusing to grant the grandmother’s request for custody. The mere relationship of a grandmother does not, of itself, require a grant of custody. D.K.G. v. J.H., 627 So.2d 937 (Ala.Civ.App.1998); Clark v. Holland, 274 Ala. 597, 150 So.2d 702 (1963).
The judgment of the trial court is affirmed.
The parties’ requests for attorney fees are denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in result only.