THOMPSON, Judge.
T.W. (“the mother”) appeals from the judgment of the Madison Juvenile Court *470 (“the trial court”) dismissing a dependency-petition concerning her daughter, F.H. (“the child”), whose date of birth is January 31, 2002. The effect of that dismissal was to award custody of the child to K.H., who is the child’s father (“the father”).
This action was commenced on-April 26, 2005, at which time the Madison County Department of Human Resources (“DHR”) filed in the trial court a petition alleging that the child was a dependent child within the meaning of § 12-15-1(10), Ala.Code 1975. The record indicates that on the same day DHR filed dependency petitions regarding the child’s two half siblings, both sisters, whose dates of birth are December 26, 2002, and April 8, 2005.[1] The child’s half siblings will be referred to throughout this opinion as her sisters. The custody of the child’s sisters is not at issue in this appeal.
In its dependency petition regarding the child, DHR alleged that the mother was unmarried and that the father’s whereabouts were unknown. DHR alleged that on or about April 22, 2005, it received a report from Huntsville Hospital indicating that the child’s oldest sister had been diagnosed with fractures to both of her arms and that X-rays and other medical examinations revealed that the child and her oldest sister had sustained previous injuries. The dependency petition detailed the child’s and her oldest sister’s injuries. DHR alleged that the child had a healed fracture of the right radius and a healed fracture of the right ulna. DHR further alleged that when a social worker questioned the child about her injuries, the child indicated that B.F., who was the mother’s boyfriend at that time, had caused the injuries. DHR alleged that the child demonstrated how she had been injured by making a twisting motion with her hands; DHR believed that the child’s demonstration of how she had been injured was consistent with the child’s healed fractures.
DHR alleged that the mother had been unable or unwilling to offer a plausible explanation for the injuries suffered by two of her three children and that the mother was unable or unwilling to protect her children from further physical abuse. DHR requested, among other things, that the trial court appoint a guardian ad litem to represent the child and that it grant temporary legal custody of the child to DHR.
The record indicates that on April 26, 2005, the same day that the dependency petition was filed, the mother, the father, and B.F. submitted to drug testing.[2] The father’s drug test was negative for all drugs; the mother and B.F. both tested positive for “THC,” which the record indicates is found in marijuana.
Also on April 26, 2005, the trial-court referee conducted a shelter-care hearing, and, on the same day, the referee filed in the trial court a written report containing her findings and recommendations regarding this matter. On May 20, 2005, the trial court entered an order setting the matter for a pretrial conference on June 23, 2005, and adopting the referee’s findings and recommendations as an order of the court; those findings and recommendations read, in part:
“THIS CAUSE [was] hear[d] on April 26, 2005, pursuant to the provisions of Alabama Code Sections 12-15-60 and *471 12-15-61 for the purpose of determining whether it is necessary for the above-named child to be placed in Shelter Care pending the hearing of the Petition for Temporary Custody heretofore filed with this Court.
“Present for said hearing were Bonnie Dahl with [DHR]; Jerry S. Barclay, Esquire, attorney for [DHR]; [T.W.], the mother of the child; Reta McKannan, Esquire, attorney for the mother; [K.H.], the father of the child; Linda Coats, Esquire, attorney for the father; and Robin Clem, Esquire, an attorney licensed at the Bar of this State and guardian ad litem for the minor child.
“The [trial court] finds that notice of the Shelter-Care hearing stating time, place and purpose of the hearing and the right to counsel has been given to the natural parents. The Referee explained the nature of the proceedings and the burden of proof to those present and the legal rights of the parties.
[[Image here]]
“No party having objected to this hearing being held by and before the Referee, and based upon clear and convincing evidence presented in open court, the [trial court] finds that [it] has jurisdiction of said child and of the subject matter of these proceedings; that there is not a parent, guardian, custodian, or other suitable person able or willing to provide for the care of said child. The [trial court] finds that the child is a dependent child.
“The [trial court] finds, in accordance with the requirements of Alabama Code Section 12 — 15—65(g), that continuing placement of the child in his or her home is contrary to the best interests of the child; that it is not appropriate or in the best interests of the child to prevent removal from the home; that allowing the child to remain in the home would be contrary to the welfare of the child; and that it is in the best interest of said child for the shelter-care custody of said child to be placed with [DHR], pending the final hearing on the petition filed herein.
“The [trial court] finds, in accordance with the requirements of Alabama Code Section 12-15-65(g), that reasonable efforts have been made to prevent or eliminate the need for removal of said child from the home or that an emergency situation exists which requires the immediate temporary removal of the child from his or her home ■ and that it is reasonable not to make efforts to prevent removal of the child from the home due to the emergency situation; that continuation in the home would be contrary to the welfare of the child; and that removal from the home is in the best interests of the child.
“The [trial court] further finds that reasonable efforts have been made, or [DHR] will make reasonable efforts, to reunite the child and his or her family.
“The following [findings] are made upon a stipulation of the parties ... in open court.
“1. That the child be released to the custody of the father pending further order of this Court.
“2. That the father be enjoined and prohibited from returning physical custody of the child to her mother.
“3. That the mother be allowed visitation with the child as arranged and supervised by [DHR] or its desig-nee.
“4. That; subject matter jurisdiction shall remain in Madison County, Alabama, and the father shall make himself and the child available for further court proceedings.
“5. That the parties accept and cooperate with any reunification and in *472 vestigative services offered by [DHR].”[3]
Thereafter, the trial court entered an order setting a hearing regarding “temporary legal custody” of all three children for October 20, 2005. The record includes a copy of a DHR report, dated October 20, 2005, regarding all three children; that report indicated that the mother had cooperated with DHR and that the child’s sisters had successfully been returned to the mother’s custody on September 6, 2005. The report stated that Family Options, an independent agency that provided services to-the family,-had worked with the mother and that the mother had demonstrated that she had the ability to provide for the safety and the welfare of her children. The report further stated that the mother had completed parenting counseling; had negative drug screens since random testing began; had obtained employment and independent housing; and had her own transportation. The report also stated that the mother had placed the child’s sisters in day care while she worked and that the mother had the informal support of relatives to help care for the child’s sisters. The report noted that DHR was monitoring the progress of the reunification of the child’s sisters with the mother and that there had been no reports of injuries since the child’s sisters had been reunited with the mother. DHR recommended that the. trial court grant legal and physical custody of the child’s sisters to the mother. As previously stated, the custody of the -child’s sisters is not at issue in this appeal.
Regarding the child, whose custody is at issue in this appeal, DHR’s October 20, 2005, report indicated that since April 2005 the child had been living with the father and the child’s paternal grandmother in Baton Rouge, Louisiana; that the child was doing well with the father and the child’s paternal grandmother; that the child was attending preschool; and that the father was prepared and willing to be the primary custodian of the child. DHR recommended that the trial court grant legal custody of the child to the father.
On October 21, 2005, the mother filed a motion for an evidentiary hearing regarding custody of the child. In her motion, the mother asserted that she was the fit and proper person to have custody of the child, and she requested that the trial court return the child to her custody. As grounds in support of her motion, the mother asserted, among other things, that she had cooperated with DHR, had obtained employment, had acquired suitable housing, had purchased an automobile, and had placed the child’s sisters in day care while she worked. The mother asserted that the child was anxious to be reunited with the mother and her sisters. The mother further asserted that the child had been living with the paternal grandmother, rather than the father, even though the father had indicated to the social worker that he had custody of the child. The mother also asserted that the paternal grandmother had indicated to her that she was willing to send the child back to the mother and that the father had not expressed interest in retaining custody of the child. On November 2, 2005, the trial court set the matter for an evidentiary hearing on December 29, 2005. The mother later filed another motion seeking the return of the child; that motion was scheduled to be heard during the December 29, 2005, hearing as well.
*473 On December 21, 2005, the mother filed another motion regarding the December 29, 2005, hearing. In that motion, the mother asserted, among other things, that the paternal grandmother had asked the mother when the child was going to be returned to the mother and that the father did not have actual custody of the child but rather that the paternal grandmother had been caring for child.
However, on December 22, 2005, before the scheduled December 29, 2005, hearing, DHR filed a motion to dismiss the dependency petition regarding the child. In its motion, DHR asserted that it no longer desired to pursue its dependency petition regarding the child. In so doing, DHR alleged, among other things, that during the time the child had resided with the father and the paternal grandmother .in Louisiana, DHR had monitored the child’s welfare and, as a result, it had no safety concerns regarding the child; that DHR was satisfied that the child’s needs are being met in the home of the father and the paternal grandmother; and that DHR no longer considered the child to be dependent.” [4] On December 23, 2005, the trial court entered a judgment granting DHR’s motion to dismiss.
The mother timely filed a postjudgment motion requesting, in essence, that the trial court vacate its December 23, 2005, judgment of dismissal and set the matter for an evidentiary hearing in order to permit her the opportunity to present evidence indicating that she is the fit and proper person to have custody of the child. That motion was denied. The mother timely appealed.
The dispositive issue on appeal is whether the trial court erred in dismissing the dependency action without affording the mother an opportunity to present evidence as to whether the child should be returned to her. At the outset, we note that parental rights are fundamental; they have long received protection under .the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), and the cases summarized therein. In the present case the. trial court’s May 20, 2005, order found the child to be dependent, granted shelter-care custody of the child to DHR, and placed the child in the physical custody of the father pending a final hearing in this matter.[5] We do not read the trial court’s May 20, 2005, order as having made a final disposition of the child under § 12-15-71, Ala.Code 1975. Although DHR filed a motion to dismiss the dependency action after the trial court had set the matter for an evidentiary hearing, the trial court’s dismissal of this action effectuated a transfer of permanent custody of the child to the father without holding an evidentiary hearing to consider the best interests of the child. See D.K.G. v. J.H., 627 So.2d 937 (Ala.Civ.App.1993) (the appropriate standard to be applied in the dispositional phase of a dependency proceeding is the “best-interests-of-the-child standard”). In addition, this court recently noted that the final dispositional order in a dependency action “ ‘coincide^] with the end of the child’s dependency ....’”; *474 such an order, “ ‘results in a custody award wherein the parent or custodian is able and willing to have the care, custody, and control of the child, free from any intervention or supervision by the state under the dependency statutes.’ ” In re B.B., 944 So.2d 960, 962 (Ala.Civ.App.2006) (quoting S.P. v. E.T., [Ms. 2040044, Dec. 30, 2005] — So.2d -, - (Ala.Civ. App.2005)).
Based on the facts of this case, the trial court should have held a full evidentiary dispositional hearing to determine whether the child should have been returned to the mother’s physical custody. Accordingly, the trial court’s judgment dismissing the dependency action is reversed, and the cause is remanded for the trial court to hold an evidentiary hearing so as to afford the mother an opportunity to present evidence regarding whether the child should be returned to her. Because we reverse the trial court’s judgment as to this issue, it is not necessary for us to address the remaining issues raised on appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and MURDOCK and BRYAN, JJ., concur.
PITTMAN, J., concurs in the result, without writing.

. The record on appeal does not include copies of the dependency, petitions pertaining to the child's sisters.

. Although the dependency petition alleged that the father's whereabouts were unknown, the father was present at the shelter-care hearing that was held on the same day the dependency petition was filed.

. We note that the record indicates that after the shelter-care hearing the child’s two sisters were placed in foster care.

. The record also contains an order of the trial court that was signed by the trial judge on December 22, 2005, but was never filed with the clerk of the - court; that order requested that the guardian ad litem contact the paternal grandmother to inquire as to the mother’s allegation in her December 21, 2005, motion that the paternal grandmother was unwilling to care for the child in her home.

. We note that the father has not filed a petition for custody in this matter and that this case does not constitute a custody-modification proceeding.