SHAW, Justice
(concurring specially in case no. 1130184).
I concur in case no. 1130184 to deny the petition for a writ of mandamus filed by Alaska Bush Adventures, LLC, Hugh Les Krank, and Ryan L. Krank (hereinafter referred to collectively as “the defendants”) challenging the trial court’s denial of their motions to dismiss Guy R. Willis’s action against them for lack of personal jurisdiction. The main opinion essentially denies the petition without an opinion; I write specially in that case to explain my rationale for agreeing to deny the petition.
If the trial court in this case did not initially possess personal jurisdiction over the defendants, then I believe that the defendants later consented to the trial court’s jurisdiction. Specifically, the defense of lack of personal jurisdiction is subject to waiver or consent; when a defendant seeks “affirmative relief from [an Alabama] court,” he may be deemed to have “purposely availed himself of conducting activities in Alabama....” Owen v. *1201 Owen, 571 So.2d 1200, 1201 (Ala.Civ.App.1990). See also Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir.1999) (“[W]here a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter.”). In the instant case, the defendants filed their motion to compel arbitration on January 2, 2013; their motions to dismiss for lack of personal jurisdiction were filed nine days later on January 11, 2013. Other courts have determined that a motion to compel arbitration seeks “affirmative relief’ from a court:
“A motion to compel arbitration is a request for affirmative relief, it is not merely a ministerial act seeking to preserve the status quo, such as filing a general denial or asserting affirmative defenses. See Quanto Int’l Co., Inc. v. Lloyd, 897 S.W.2d 482, 487 (Tex.App.Houston [1st Dist.] 1995) (a ‘request to compel arbitration is a claim for “affirmative relief’ ’Xinternal quotations omitted); Arnold v. Garlock Inc., 288 F.3d 234, 237 (5th Cir.2002) (same); Tri-State Consumer Ins. Co. v. Prop. & Cas. Mgmt. Sys., Inc., [(No. 11-02-00125-CV, Jan. 23, 2003) (not reported in S.W.3d) ] (‘A motion to compel arbitration seeks affirmative relief and recognizes a trial court’s jurisdiction.’).”
Garcia v. SSP Partners (Civil Action No. C-06-385, Oct. 3, 2006) (S.D.Tex.2006) (not reported in F.Supp.2d). See also McKinnon v. Doctor’s Assocs., Inc., 769 F.Supp. 216, 220 (E.D.Mich.1991) (“The motion to compel arbitration ... sought the affirmative relief of compelling the plaintiffs to submit their claims to arbitration.”). By asking the trial court to compel arbitration, the defendants were seeking affirmative relief; they thus subjected themselves to the jurisdiction of the trial court. As one court has stated, it is contradictory for a party to argue that a court has no personal jurisdiction over it, while at the same time requesting the court to compel arbitration:
“[Gjiven that Defendants have filed a motion to compel arbitration in this Court, their position [that the court lacks] personal jurisdiction seems disingenuous. They cannot argue that they may consent to personal jurisdiction for purposes of their own motion to compel arbitration, but object to the exercise of personal jurisdiction for purposes of Plaintiffs request for declaratory and injunctive relief. Both requests raise the same issue •.. and therefore, the Court has personal jurisdiction to consider either request.”
Express Scripts, Inc. v. Apothecary Shoppe, Inc. (No. 4:12CV01035 AGF, Sept. 30, 2013) (E.D.Mo.2013) (not reported in F.Supp.2d).[4] Here, in one motion the de *1202 fendants requested that the trial court act and grant them the affirmative relief of compelling arbitration but later argued on separate motions that the trial court had no jurisdiction to act in the first place.
“It is a fundamental rule that
“ ‘when a party invokes the jurisdiction of a court on an alleged state of facts which gives the court jurisdiction, and the court has proceeded to determine the controversy, the party or parties invoking its jurisdiction will not be permitted to assume an inconsistent position in the same proceedings or question the regularity thereof; and this principle applies on appeal as well as to the proceedings in the trial court.’ ”
Godwin v. Bogart, 674 So.2d 606, 608 (Ala.Civ.App.1995) (quoting Clark v. Holland, 274 Ala. 597, 599, 150 So.2d 702, 704 (1963)). In this case, the defendants requested that the trial court decide the “controversy” whether arbitration should be compelled and thus consented to the trial court’s exercise of jurisdiction to do so. Because they consented to the jurisdiction of the trial court, they cannot show “a clear legal right to the order [of dismissal] sought” or “an imperative duty upon the respondent to perform,” which are necessary to be entitled to mandamus relief. Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001). I thus concur to deny the petition.
BRYAN, J., concurs.

. As another court has noted:
"Here ... the court finds that Haas submitted to the jurisdiction of this court through its motion to compel arbitration, constituting a waiver of its due process right. First of all, the defendant's earlier motion asked this court to interpret the language of the contract at issue in this case and order relief in the form of compelling arbitration, an explicit request for this court to exercise its power to affect both the plaintiff and defendant. See Mississippi Valley Dev. Corp. v. Colonial Enterprises, Inc., 300 Minn. 66, 71-72, 217 N.W.2d 760 (1974) (holding that the defendant's filing of a motion to compel arbitration 'invok[ed] the power of the court’ and waived the defense of lack of personal jurisdiction); see generally 1 Robert C. Casad & William B. Richman, Jurisdiction in Civil Actions § 3-l(iii) (3d ed. 1998) ('A demand for arbitration has been held to waive personal jurisdiction defenses’). When a defendant’s conduct does not ‘reflect a continuing objection to the power of the court to act,’ the defense of lack of personal jurisdiction is waived. Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir.1990); see also ECHO, Inc. v. Whit *1202 son Co., 52 F.3d 702, 707 (7th Cir.1995) ('The parties consented to personal jurisdiction simply by participating in the proceedings before the district court without protest’); see generally Restatement (Third) of Foreign Relations Law of the United States § 421(3) ('A defense of lack of jurisdiction is generally waived by any appearance ... for a purpose that does not include a challenge to the exercise of jurisdiction'); Restatement (Second) of Conflict of Laws § 33 ('A state has power to exercise judicial jurisdiction over an individual who enters an appearance as defendant in an action with respect to a claim that arose out of the transaction which is the subject of the action or is one that may in fairness be determined concurrently with that action.') While this case may be a 'closer call' than some of the cases cited by the plaintiff in its response brief, here, the defendant asked this court to use its power to influence the ultimate resolution of this matter, amounting to conduct that acknowledges the court’s in personam jurisdiction."
Derse Inc. v. Haas Outdoors Inc. (No. 09-CV-97, Feb. 4, 2011) (E.D.Wis.2011) (not reported in F.Supp.2d).