PITTMAN, Judge.
M.P.G. (“the mother”) appeals from a judgment of the Jefferson Juvenile Court (“the juvenile court”) “closing,” i.e., effectively dismissing, a dependency action concerning T.G.G. (“the child”), the sole child born of the marriage of the mother and W.G. (“the father”). We reverse and remand.

Procedural History

On February 9, 2015, the Jefferson County Department of Human Resources (“DHR”) filed a dependency petition concerning the child in the juvenile court. The petition alleged that DHR had taken the child, who was then five years old, into protective custody after she had been found wandering, without supervision, in the apartment complex where she lived with the mother and the mother had been found intoxicated from alcohol in the apartment. The petition was accompanied by a custody affidavit in which a DHR caseworker testified that the child had lived in an apartment located on Oaks *1098 Drive in Birmingham (“the Oaks Drive apartment”) from sometime in 2013 until July 2014, that the child had lived in the mother’s apartment on Hampton Park Drive in Hoover (“the Hampton Park Drive apartment”) from July 2014 until she had been taken into protective custody by DHR, and that the father lived in the Oaks Drive apartment.
Also on February 9, 2015, the juvenile court’s senior trial referee (“the referee”) held a shelter-care hearing concerning the child. A DHR caseworker, DHR’s counsel, the father, the father’s appointed counsel, and the guardian ad litem appointed to protect the interests of the child appeared at the shelter-care hearing; however, the mother failed to appear. Following that hearing, the referee rendered an order (which was confirmed on February 10, 2015, by a judge of the juvenile court) that (1) found that allowing the child to be in the custody of the mother would be contrary to the child’s best interest; (2) placed the child in the custody of the father, subject to DHR’s supervision; and awarded the mother supervised visitation. See § 12-16-102(25), Ala.Qode 1975 (defining “shelter care” as “[t]he temporary care of children in group homes, foster care, relative placement, or other nonpenal facilities” (emphasis added)). The order also set the action for a pretrial hearing on April 10, 2015, before the referee.
Thereafter, the mother filed a motion asserting that the juvenile court lacked subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 et seq., Ala.Code 1975, because, the mother said, a Florida court had entered a temporary custody order regarding the child in 2012 in a previous divorce action involving the father and the mother, which, apparently, did not result in the entry of a divorce judgment. She later filed a supplement to that motion in which she asserted that she had not been afforded adequate notice of the shelter-care hearing. However, subsequent to filing her motion challenging the juvenile court’s jurisdiction under the UCCJEA, the mother filed an answer to the dependency petition in which she stated that she, the father, and the child had lived together in the Oaks Drive apartment from July 2013 until July 2014 and that, thereafter, only she and the child had lived together in the Hampton Park Drive apartment since July 2014.[1]
The referee held the previously scheduled pretrial hearing on April 10, 2015. Representatives of DHR, DHR’s counsel, *1099 the mother, the mother’s counsel, the father, the father’s counsel, and the guardian ad litem appeared at the hearing. Following the pretrial hearing, the referee rendered an order (which was confirmed by a judge of the juvenile court on April 13, 2015) that maintained the award of pen-dente lite custody to the father and denied the mother’s then pending motions.
Thereafter, the mother petitioned this court for a writ of mandamus seeking review of the order entered following the shelter-care hearing and the order entered after the pretrial hearing. This court summarily denied that petition. Ex parte M.P.G. (No. 2140558, June 11, 2015), 212 So.3d 234 (Ala.Civ.App.2015) (table).
Meanwhile, the mother filed a motion in the juvenile court requesting a rehearing before a judge of the juvenile court concerning the issues heard at the pretrial hearing. See § 12-15-106(f), Ala.Code 1975 (providing that a juvenile-court judge shall rehear a matter heard by a referee if a party files a written request for rehearing within 14 days). The juvenile court assigned a special juvenile-court judge (“the special judge”) to hold the rehearing, and it was scheduled for June 12, 2015. At the June 12 rehearing, the mother stipulated that she needed services to rehabilitate herself. Following that hearing, the special judge entered an order on June 23, in which he found the child to be dependent based on the mother’s stipulation that she needed services to rehabilitate herself, maintained the father’s pendente lite custody of the child, ordered the mother to undergo random testing for alcohol, ordered the mother to continue undergoing intensive outpatient treatment for aleoholism, ordered the mother to continue attending meetings of Alcoholics Anonymous, awarded the mother unsupervised visitation with the child, and set a permanency hearing for September 11, 2015.[2] On September 4, 2015, the mother filed a motion asking the juvenile court to hold an evidentiary hearing. The juvenile court set an evidentiary hearing for September 11, 2015. The mother subsequently filed a motion seeking a continuance of the September 11 evidentiary hearing; the juvenile court granted that motion and set the action for a trial of all issues on November 20,2015.
On October 9, 2015, the mother filed a motion asking the juvenile court to transfer the action to the Jefferson Circuit Court (“the circuit court”) for consolidation with a divorce action the mother had filed in that court and stating that, if the juvenile court transferred the action to the circuit court, the mother would withdraw her motion for an evidentiary hearing. The special judge held a hearing regarding that motion on October 23, 2015. Thereafter, the special judge entered an order stating that the action was still set for trial on November 20.
On November 13, 2015, DHR filed a motion asking the juvenile court to close the case regarding the child on the ground that, because the child had been placed in the custody of the father, the child was no longer dependent. When the action was called for trial on November 20, 2015, the juvenile court heard oral argument regarding DHR’s motion to close the case before the parties introduced any evidence, DHR’s counsel argued that, because the child had been placed with the father, the *1100 child was no longer dependent and, therefore, the juvenile court should close the case without a dispositional trial. The mother objected to DHR’s motion and argued that she was entitled to a dispositional trial at which she could introduce evidence indicating that custody of the child should be returned to her. The special judge orally granted DHR’s motion before any evidence had been introduced, and the proceeding was adjourned without any evidence being introduced. Thereafter, the special judge entered a written order granting DHR’s motion.
The mother filed a Rule 59(e), Ala. R. Civ. P., motion in which she again asserted that she was entitled to a dispositional trial so that she could introduce evidence indicating that custody of the child should be returned to her. That motion was denied by operation of law; the mother then timely appealed to this court. The hearings before the juvenile court were recorded, the recordings were transcribed, and the special judge has certified that the record is adequate for appellate review; therefore, this court has jurisdiction pursuant to Rule 28(A)(c)(i), Ala. R. Juv. P.

Standard of Review

Because the sole issue raised by the mother is an issue of law, our review is de novo. See, e.g., M.G.D. v. L.B., 164 So.3d 606, 610 (Ala.Civ.App.2014).

Analysis

Citing T.W. v. Madison County Department of Human Resources, 946 So.2d 469 (Ala.Civ.App.2006), the mother argues that the juvenile court erred in granting DHR’s motion to close the case without holding a dispositional trial because, she says, she was entitled to introduce evidence indicating that custody of the child should be returned to her. We agree.
In T.W., the Madison County Department of Human Resources had filed a dependency petition concerning F.H., alleging that F.H. was dependent because she and one of her half siblings, whose custody was not at issue in T.W., had been found to have unexplained injuries and previous injuries that had healed. 946 So.2d at 470. The petition further alleged that F.H. had told a social worker that B.F., the boyfriend of T.W., F.H.’s mother, had caused the injuries; that T.W. had been unable or unwilling to offer a plausible explanation for F.H.’s injuries; and that T.W. was unable or unwilling to protect F.H. from further physical abuse. Id. The Madison Juvenile Court held a shelter-care hearing and placed F.H. in the custody of K.H., F.H.’s father. 946 So.2d at 470-72. Thereafter, the Madison Juvenile Court entered an order setting a hearing regarding “‘temporary legal custody.’” 946 So.2d at 472. The mother then filed a motion for an evidentiary hearing regarding custody of F.H. Id. In response to that motion, the Madison Juvenile Court set the action for an evidentiary hearing, id.; however, a week before the scheduled evidentiary hearing, the Madison County Department of Human Resources filed a motion to dismiss the dependency action involving F.H., 946 So.2d at 473. In support of its motion, the Madison County Department of Human Resources alleged that F.H. was doing well in K.H.’s care and that it no longer considered F.H. to be dependent. Id. The following day the Madison Juvenile Court entered a judgment granting the Madison County Department of Human Resources’ motion to dismiss. Id. T.W. filed a postjudgment motion asking the Madison Juvenile Court to vacate its judgment granting the motion to dismiss and to set the action for an evidentiary hearing'so that she would have an opportunity to introduce evidence indicating that she was the fit and proper *1101 person to have custody of F.H. Id. That motion was denied; T.W. then appealed to this court. Id.
This court concluded that the Madison Juvenile Court had erred in dismissing the dependency action without affording T.W. an opportunity to introduce evidence indicating that F.H. should be returned to T.W.’s custody, stating:
“[T]he [Madison Juvenile Court’s] dismissal of this action effectuated a transfer of permanent custody of the child to [K.H.] without holding an evidentiary hearing to consider the best interests of the child. See D.K.G. v. J.H., 627 So.2d 937 (Ala.Civ.App.1993) (the appropriate standard to be applied in the dispositional phase of a dependency proceeding is the ‘best-interests-of-the-child standard’). In addition, this court recently noted that the final dispositional order in a dependency action ‘“coincide[s] with the end of the child’s dependency. such an order, “‘results in a custody award wherein the parent or custodian is able and willing to have the care, custody, and control of the child, free from any intervention or supervision by the state under the dependency statutes.” ’ In re B.B., 944 So.2d 960, 962 (Ala.Civ.App.2006) (quoting S.P. v. E.T., 957 So.2d 1127, 1131 (Ala.Civ.App.2005)).
“Based on the facts of this case, the [Madison Juvenile Court] should have held a full evidentiary dispositional hearing to determine whether the child should have been returned to [T.W.’s] physical custody. Accordingly, the [Madison Juvenile Court’s] judgment dismissing the dependency action is reversed, and the cause is remanded for the [Madison Juvenile Court] to hold an evidentiary hearing so as to afford [T.W.] an opportunity to present evidence regarding whether [F.H.] should be returned to her.”
946 So.2d at 473-74.
Under the holding in T.W., the juvenile court in the present case erred in “closing,” i.e., dismissing, the case without holding an evidentiary hearing that would afford the mother an opportunity to introduce evidence indicating that the child should be returned to her custody. DHR argues that the juvenile court properly elosed the case because, DHR says, the mother had stipulated at the June 12, 2015, hearing that the child was dependent as to her. However, we fail to see how her stipulation that the child was dependent as to her on June 12, 2015, would preclude the mother from contending in November 2015 that she had rehabilitated herself and that the child should be returned to her custody.
DHR also argues that any error committed by the juvenile court in closing the case without affording the mother an opportunity to introduce evidence indicating that the child should be returned to her is moot because, DHR says, the mother had invoked the custody jurisdiction of the circuit court by filing a divorce action in that court. However, § 12-15-114(a), Ala.Code 1975, grants a juvenile court “exclusive original jurisdiction of juvenile proceedings in which a child is alleged ... to be dependent....” (Emphasis added.) Furthermore, § 12-15-117(a), Ala.Code 1975, provides that, “[o]nce a child has been adjudicated dependent ..., jurisdiction of the juvenile court shall terminate when the child becomes 21 years of age unless, prior thereto, the judge of the juvenile court terminates its jurisdiction by explicitly stating in a written order that it is terminating jurisdiction over the case involving the child.” (Emphasis added.) Having found that the child was dependent, the juvenile court’s exclusive original *1102 jurisdiction over the issue of the child’s custody did not terminate when the juvenile court entered its judgment granting DHR’s motion to close the case because the child had not reached the age of 21 and because that judgment did not explicitly state that the juvenile court was terminating its jurisdiction—it merely stated that “DHR’s Motion to Close Case is granted.” Therefore, the circuit court could not exercise jurisdiction over the issue of the child’s custody despite the juvenile court’s closing or dismissing its case regarding the child. See, e.g., V.L. v. T.T.L., 141 So.3d 88, 92 (Ala.Civ.App.2013) (holding that the Lawrence Circuit Court lacked subject-matter jurisdiction over a parent’s petition seeking modification of the Lawrence Juvenile Court’s award of custody pursuant to its dependency jurisdiction because the children at issue had not reached the age of 21 and the Lawrence Juvenile Court had not terminated its jurisdiction).[3] Accordingly, based on the holding in T.W., we reverse the judgment of the juvenile court and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Thus, Alabama was the child’s home state when DHR filed its dependency petition. See § 30-3B-102(7), Ala.Code 1975 (defining "home state,” for purposes of the UCCJEA, in pertinent part, as “[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding”). Consequently, when DHR filed the dependency petition, a court of this state would have had jurisdiction to make an initial custody determination pursuant to § 30-3B-201(a)(1), Ala.Code 1975 (providing that a court of this state has jurisdiction to make an initial custody determination if this state was the home state of the child on the date the proceeding was commenced). Furthermore, because a court of this state would have had jurisdiction to make an initial custody determination under § 30-3B-201(1) and because neither the child nor her parents lived in Florida when DHR filed the dependency petition, the juvenile court had jurisdiction to modify the Florida court’s temporary custody determination. See § 30-3B-203(2), Ala.Code 1975 (providing, in pertinent part, that a court of this state may modify a custody determination made by a court of another state if a court of this state would have jurisdiction to malee an initial custody determination pursuant to § 30-3B-201(a)(1) or (2) and a court of this state determines that neither the child nor his or her parents presently reside in the other state).

. The fact that the father was a fit parent who was willing and able to care for the child did not, as a matter of law, deprive the juvenile court of dependency jurisdiction. See, e.g., T.K. v. M.G., 82 So.3d 1, 4 (Ala.Civ.App.2011) ("[W]e cannot say that, as a matter of law, a child cannot be deemed dependent when a fit parent is willing and able to care for th[at] child.”).

. Likewise, the ground upon which DHR based its written motion to close the case, i.e., that the child was no longer dependent because she had been placed in the custody of the father, did not, as a matter of law, justify the juvenile court’s closing or dismissing the case. See supra note 2,