MOORE, Judge.
L.F. (“the mother”) appeals from judgments of the Cullman Juvenile Court (“the juvenile court”) adjudicating her minor children, N.M.F. and D.M.F., dependent and awarding their custody to the Cullman County Department of Human Resources (“DHR”). Because the judgments are not supported by any evidence, we reverse.

Procedural Background

DHR filed dependency petitions relating to the children on May 13, 2014. On May 14, 2014, the juvenile court entered shelter-care orders awarding DHR custody of the children pending a hearing to be conducted on July 17, 2014. At the outset of the July 17, 2014, hearing, the attorney for DHR started to inform the juvenile court that the parties had reached an agreement, but the attorney for the mother interrupted him to inform the juvenile court that the parties were “not on the same page.” The attorney for the mother then discussed an issue regarding the.rescheduling of a mental-health evaluation of the mother and the mother’s visitation with one of the children whose birthday was the day after the hearing. At that point, the juvenile court informed the parties that the case would be reviewed in 90 days in order to give the mother and DHR time to interpret the mental-health evaluation. The juvenile court then adjourned the hearing and entered judgments finding both children to be dependent and transferring their custody to DHR.
The mother appealed to the Cullman Circuit Court on July 31, 2014. On August 4, 2014, that court, upon determining that an adequate record existed, transferred the appeals to this court. See Rule 28(D), Ala. R. Juv. P. This court has consolidated the mother’s appeals.

Analysis

Section 12-15-310, Ala.Code 1975, provides that a child may be found dependent following an adjudicatory hearing. If a parent has denied the allegations of dependency, or if the parent has failed to respond to the • allegations, “the juvenile court shall proceed to hear evidence on the petition.” § 12-15~310(b), Ala.Code 1975. Section 12-5-311(a), Ala.Code 1975, further provides that a child may be adjudicated dependent based on “clear and convincing evidence, competent, material, and relevant in nature.”
In this case, the mother did not file any formal response to the dependency petitions, so the juvenile court had an imperative duty to hear evidence on the petitions pursuant to § 12-15-310. See also Rule 25(A), Ala. R. Juv. P. (“If the allegations of the juvenile petition are denied, the juvenile court shall direct that testimony of witnesses be taken. A dependency hearing shall be conducted consistent with legal and due-process requirements, and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury.”). However, on the date scheduled for the adjudicatory hearing, the juvenile court did not hear any evidence. It heard only assertions of counsel regarding the scheduling of a mental-health evaluation and the visitation between the mother and one of the children. The colloquy between counsel and the judge did not amount to evidence of dependency. See Ex parte Russell, 911 So.2d *185 719, 725 (Ala.Civ.App.2005) (“The'unsworn statements, factual assertions, and arguments of counsel are not evidence.”). .
DHR contends,⅛⅞⅛ the parties stipulated to the dependency of the children.
“Ordinarily, a juvenile court cannot find a child dependent without receiving clear and convincing evidence establishing the dependency of the child. See Ala.Code 1975, § 12-15-310(b). However, nothing in the law prevents parties from stipulating to the .dependency of a child. ‘A stipulation is a judicial admisr sion, dispensing with , proof, recognized and enforced by the courts as a substitute for legal proof.’ Spradley v. State, 414 So.2d 170, 172 (Ala.Crim.App.1982). Therefore, when parties stipulate to the dependency of a child, a juvenile court may find a child dependent without clear and convincing evidence establishing the child’s dependency.”
K.D. v. Jefferson Cnty. Dep’t of Human Res., 88 So.3d 893, 896 (Ala.Civ.App.2012). A stipulation would have obviatéd the need for clear and convincing evidence of dependency. A thorough review of the record does not reveal any stipulation of dependency, however. To the contrary, the record indicates that the mother’s counsel informed the juvenile court that the parties were “not on the same page” in regard to any agreement relating to the children.
Rule 24(B), Ala. R. Juv. P., provides:
“(1) If one or more parties are represented by counsel, the juvenile court shall inquire whether counsel has explained to them the substance 'of the juvenile petition, the specific allegations contained in the juvenile petition, the nature of the proceedings, the rights of the parties during the proceedings, and the alternatives available to the juvenile court should the allegations of the juvenile petition' be admitted or proven. If counsel has explained these things to the parties, the juvenile court shall note these facts on the record..
“(2) If a party has counsel but counsel has not explained the items enumerated above to him or her, or if a party is not represented by counsel, then the juvenile court shall explain to that party the substance of the juvenile petition, the specific ‘allegations contained in the juvenile petition, the nature of the proceedings, the rights of the parties during the proceedings, and the alternatives available to the juvenile court should the allegations of the juvenile petition be admitted or proven.”
The record in these cases does not contain any notation that the mother had been advised by counsel or the juvenile court of the ramifications of admitting the allegations of dependency. That omission further indicates that the parties did not enter into any stipulation whereby the mother agreed to the dependency of the children.
In the absence of-any stipulation, the juvenile court could find the children dependent only based on clear and convincing evidence. In this ease, the record contains no evidence of the dependency, of the children. DHR refers to court reports contained in the record, but DHR does not indicate, and our search of the transcript does . not reveal, that those reports were ever submitted into evidence at the adjudicatory hearing. Without formal submission of the court reports into evidence, the mother would not have had any opportunity to object to their consideration. Thus, we do not agree with DHR that the mother somehow waived any objection to the use of the court reports to establish the dependency of the children.
Accordingly, we reverse the judgments of the juvenile court and remand the cases *186 for further proceedings consistent with this opinion.
2130916 — REVERSED AND REMANDED.
2130917 — REVERSED AND REMANDED.
THOMPSON, P. J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.