MOORE, Judge.
M.G. ("the mother") appeals from separate judgments of the Madison Juvenile Court ("the juvenile court") finding her children, J.P. and Ja.P. ("the children"), dependent and divesting her of their custody. We reverse the juvenile court's judgments.
Facts and Procedural History
On February 18, 2016, A.F. ("the paternal grandmother") filed a petition seeking custody of J.P.; that case was assigned case no. JU-16-181.01. A guardian ad litem was appointed to represent J.P. The mother filed an answer to the paternal grandmother's petition. On April 28, 2016, J.P.'s guardian ad litem filed a motion requesting that the juvenile court enter an order placing custody of J.P. and his sibling, Ja.P., with their paternal grandparents. The mother filed a motion seeking the appointment of a guardian ad litem to represent her because, according to the motion, the mother was 17 years old; on May 9, 2016, the juvenile court entered an order appointing a guardian ad litem to represent the mother. Meanwhile, on May 4, 2016, the Madison County Department of Human Resources ("DHR") filed a petition in the juvenile court, asserting that J.P. was dependent; that petition was assigned case no. JU-16-181.02. On May 5, 2016, DHR filed a petition in the juvenile court, asserting that Ja.P. was dependent; that petition was assigned case no. JU-16-447.01. The juvenile court entered a single order in case no. JU-16-181.02 and in case no. JU-16-447.01, appointing the same guardian ad litem for the children as had been appointed to represent J.P. in case no. JU-16-181.01 and appointing the same guardian ad litem for the mother as had been appointed to represent her in case no. JU-16-181.01.
*15 On June 7, 2016, the juvenile court entered separate judgments in all three cases, finding the children dependent and vesting DHR with protective supervision of the children. On September 26, 2016, an order was entered in all three cases, setting them for a final hearing on November 7, 2016. The juvenile court entered an order in all three cases on November 7, 2016, resetting the final hearing for December 13, 2016. On December 6, 2016, the juvenile court entered an order in all three cases, resetting the final hearing for December 12, 2016. The mother was not present at the December 12, 2016, hearing, but she was represented by counsel. The mother's counsel indicated at the December 12, 2016, hearing that the hearing had been continued from November 7, 2016, because the mother had arrived late to the proceeding. Also at the December 12, 2016, hearing, counsel for DHR, counsel for the paternal grandmother, counsel for the children's father, the mother's guardian ad litem, and the children's guardian ad litem stipulated to a permanency plan, pursuant to which custody of J.P. would be transferred to the paternal grandmother and custody of Ja.P. would be transferred to D.F. ("the paternal great-grandmother"). The mother's counsel objected to the stipulations regarding the permanency plan on behalf of the mother. No evidence was offered by any party, and the hearing was concluded.
Following the hearing on December 12, 2016, the juvenile court entered a single judgment on December 28, 2016, in case nos. JU-16-181.01 and JU-16-181.02, concluding that J.P. remained dependent, denying the mother's objection to the permanency plan regarding relative placement, and vesting legal and physical custody of J.P. in the paternal grandmother. On that same date, the juvenile court entered a separate judgment in case no. JU-16-447.01, concluding that Ja.P. remained dependent, denying the mother's objection to the permanency plan regarding relative placement, and vesting legal and physical custody of Ja.P. in the paternal great-grandmother. The mother filed a single motion to alter, amend, or vacate the juvenile court's judgments entered in all three cases. Following a hearing, the juvenile court entered separate orders in all three cases on January 17, 2017, denying the mother's postjudgment motion. The mother timely filed separate notices of appeal to this court.
The mother's appellate counsel filed, as to all three of the mother's appeals, a "no-merit" brief and a motion to withdraw, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and in accordance with J.K. v. Lee County Department of Human Resources, 668 So.2d 813 (Ala. Civ. App. 1995). The mother's counsel indicated that he had attempted to serve the mother with the motion and accompanying brief in accordance with Anders and J.K. but that those attempts had been unsuccessful. The mother did not provide this court with any issues to be considered on appeal. On July 19, 2017, this court entered an order directing the mother's counsel to file a supplemental brief addressing whether clear and convincing evidence had been presented to support the juvenile court's findings of dependency. See Ala. Code 1975, § 12-15-310(b), and L.F. v. Cullman Cty. Dep't of Human Res., 175 So.3d 183 (Ala. Civ. App. 2015). The mother's counsel filed a supplemental brief, and DHR filed a letter indicating its intent to not file a reply brief.[1]
*16 Standard of Review
A judgment adjudicating a child as dependent must be supported by clear and convincing evidence. See Ala. Code 1975, § 12-15-310(b). " 'Clear and convincing evidence' is ' "[e]vidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion." ' " C.O. v. Jefferson Cty. Dep't of Human Res., 206 So.3d 621, 627 (Ala. Civ. App. 2016) (quoting L.M. v. D.D.F., 840 So.2d 171, 179 (Ala. Civ. App. 2002), quoting in turn Ala. Code 1975, § 6-11-20(b)(4) ).
" '[T]he evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a case in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly ... establish the fact sought to be proved.'
" KGS Steel[, Inc. v. McInish,] 47 So.3d [749] at 761 [ (Ala. Civ. App. 2006) ].
"To analogize the test set out ... by Judge Prettyman [in Curley v. United States, 160 F.2d 229, 232-33 (D.C. Cir. 1947),] for trial courts ruling on motions for a summary judgment in civil cases to which a clear-and-convincing-evidence standard of proof applies, 'the judge must view the evidence presented through the prism of the substantive evidentiary burden'; thus, the appellate court must also look through a prism to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court's weighing of the evidence, that would 'produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion.' "
Ex parte McInish, 47 So.3d 767, 778 (Ala. 2008).
Analysis
The mother argues in her supplemental brief to this court that DHR and the paternal grandmother failed to prove by clear and convincing evidence that the children remained dependent at the time of the December 12, 2016, hearing and that, as a result, the juvenile court erred in transferring custody of the children to the paternal grandmother and the paternal great-grandmother.
Section 12-15-310, Ala. Code 1975, provides, in pertinent part:
"(a) An adjudicatory hearing is a hearing at which evidence is presented for a juvenile court to determine if a child is dependent. At the commencement of the hearing, if the parties are not represented by counsel, they shall be informed of the specific allegations in the petition. The parties shall be permitted to admit or deny the allegations prior to the taking of testimony.
"(b) If the allegations are denied by the parties or if they fail to respond, the juvenile court shall proceed to hear evidence on the petition. The juvenile court shall record its findings on whether the child is dependent. If the juvenile court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition."
Section 12-15-311, Ala. Code 1975, provides, in pertinent part:
*17 "(a) If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that a child is dependent, the juvenile court may proceed immediately, in the absence of objection showing good cause or at a postponed hearing, to make proper disposition of the case."
At the December 12, 2016, hearing, the juvenile court confirmed at the outset that the mother was objecting to the permanency plan vesting custody of the children with the paternal grandmother and the paternal great-grandmother and closing the cases. Inherent in that plan is a determination that the children remained dependent. In her postjudgment motion filed in all three cases, the mother asserted that she was a proper person to parent the children and that the juvenile court had erred in transferring custody of the children to the paternal grandmother and the paternal great-grandmother pursuant to the permanency plan. At the hearing on the mother's postjudgment motion, the mother was again not present. Her attorney argued on her behalf, however, that she had met the requirements placed upon her by DHR, and the mother's attorney sought an evidentiary hearing. Thus, the mother properly preserved for this court's consideration the juvenile court's findings that each child remained dependent and its transfer of custody of the children to the paternal grandmother and the paternal great-grandmother in the absence of clear and convincing evidence to support its judgment.
We note that, according to the juvenile court's June 7, 2016, judgments, the mother had stipulated to the children's dependency at a May 20, 2016, hearing. That stipulation did not, however, excuse the requirement that an evidentiary hearing be conducted on the issue of dependency at the December 12, 2016, hearing, given the mother's objection to the permanency plan to which the others who were present at the hearing stipulated. See, e.g., M.P.G. v. Jefferson Cty. Dep't of Human Res., 215 So.3d 1096, 1101 (Ala. Civ. App. 2016) ("[W]e fail to see how [the mother's] stipulation that the child was dependent as to her on June 12, 2015, would preclude the mother from contending in November 2015 that she had rehabilitated herself and that the child should be returned to her custody.").
In L.F. v. Cullman County Department of Human Resources, 175 So.3d 183 (Ala. Civ. App. 2015), this court reversed judgments adjudicating the children in that case dependent because, we held, the judgments were unsupported by any evidence. Specifically, this court determined that, in the absence of any stipulation as to dependency, the juvenile court in that case could find the children dependent only based on clear and convincing evidence. Id. at 185. Because the record contained no evidence of the children's dependency, this court reversed the juvenile court's judgments. Id. at 185-86. In the present case, like in L.F., no evidence was presented by any party at the hearing conducted on December 12, 2016. In accordance with § 12-15-310 and § 12-15-311, the mother objected to the permanency plan stipulated to by counsel for DHR and others that were present at that hearing. Thus, the juvenile court was required to proceed with an evidentiary hearing before finding the children dependent. See L.F., supra. This court noted in L.F. that court reports contained in the record had not been formally submitted into evidence and, thus, that the mother in that case had not been afforded the opportunity to object to their consideration. 175 So.3d at 185. Similarly, in the present case, any reports or other documents contained in the record on appeal were not admitted into evidence at any time; accordingly, they may not be considered in support of the juvenile court's findings *18 of dependency. Id. Any argument made on behalf of DHR by DHR's counsel at the December 12, 2016, hearing also was not evidence of the children's dependency. See L.F., 175 So.3d at 185 (" 'The unsworn statements, factual assertions, and arguments of counsel are not evidence.' " (quoting Ex parte Russell, 911 So.2d 719, 725 (Ala. Civ. App. 2005) )).
Because the juvenile court's judgments adjudicating the children dependent and transferring custody of the children were entered without clear and convincing evidence of the children's continued dependency, we reverse the juvenile court's judgments, and we remand the cases for further proceedings consistent with this opinion.
2160297-REVERSED AND REMANDED WITH INSTRUCTIONS.
2160298-REVERSED AND REMANDED WITH INSTRUCTIONS.
2160299-REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

Although DHR's letter indicates its intent to not file an appellee's brief, it also states, among other things, that the record "reflects that the [juvenile] court did not receive any evidence regarding the suitability of either prospective custodian to care for the dependent children," that "Alabama law requires that such evidence be presented to and considered by the trial court before the transfer of custody of [a] dependent child may properly occur," and that "the trial court had no evidence upon which to base a transfer of custody to relatives."